(No. 14763.—Judgment affirmed.)
HARRY SCHUBERT, Defendant in Error, *vs.* FRANK J. PATERA, Plaintiff in Error.

*Opinion filed December 19, 1923.*

1. NEGLIGENCE—*Supreme Court is bound by finding of jury, affirmed by Appellate Court, as to contributory negligence.* In an action for personal injuries the Supreme Court is bound by the findings of the jury and of the Appellate Court as to the questions of negligence and contributory negligence, and unless it can say, as a matter of law, that the defendant was not negligent or that the plaintiff was guilty of such contributory negligence as to defeat a recovery, it must affirm a judgment for the plaintiff.

2. SAME—*when instruction as to care of plaintiff will not reverse.* In an action for personal injuries to a boy ten years of age, the giving of an instruction that the boy was only required to exercise that degree of care "which a boy of his age" would exercise under the same or similar circumstances will not work a reversal, although the instruction should have used the term "an ordinarily prudent boy," where a similar instruction was given for the defendant and was not so qualified.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

VINCENT D. WYMAN, CHARLES E. CARPENTER, and HARRY C. KINNIE, (WYMAN, HOPKINS, McKEEVER & COLBERT, of counsel,) for plaintiff in error.

JOHN A. BLOOMINGSTON, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

At the March term, 1920, of the circuit court of Cook county, defendant in error, Harry Schubert, a minor, by Mary Schubert, his mother and next friend, recovered a judgment in the sum of $3500 for personal injuries received by him by being struck by plaintiff in error's automobile while crossing a street in Chicago. The declaration charged that the plaintiff in error, while driving in his automobile, negligently and unskillfully managed and drove the same so that it struck the defendant in error, a boy of the age of ten years, who was attempting to cross Ashland avenue while in the exercise of such care and caution as could reasonably be expected of a boy of his age. The second count charged that while defendant in error was upon the public street aforesaid, plaintiff in error, by his servant, carelessly, negligently, unskillfully and without warning drove his automobile into and over defendant in error, who was in the exercise of due care. At the close of the evidence an additional count to the declaration was filed,

charging that plaintiff in error wantonly and willfully injured the defendant in error in the manner aforesaid. On appeal to the Appellate Court for the First District the judgment of the circuit court was affirmed, and the record is brought to this court for review by writ of *certiorari*.

The injury occurred about three o'clock in the afternoon of April 6, 1912. Defendant in error, a newsboy, and other newsboys, just prior to the injury were at a newsstand about ten feet south of the southeast corner of the intersection of Ashland avenue, a north and south street, and Grand avenue, an east and west street, waiting for the arrival of a newspaper wagon. While so waiting the boys engaged in playing tag about the corner of the streets. Defendant in error was suddenly chased by one of the boys and ran about due westerly on Ashland avenue, leaving the curb about ten or fifteen feet south of said corner, according to his witnesses. The plaintiff in error was being driven north by his chauffeur in his automobile on the same street, on the east or north-bound street car track, and his car struck the boy as he was about the middle of that track. The boy was struck and driven northward by the car and received a very severe fracture of his femur, which caused him to remain indoors for six or seven months, the femur being operated on several times, and the wound continued to discharge bone and pus for a year or more after the injury.

The evidence as to how the injury occurred is in hopeless conflict. One witness for defendant in error testified that she was standing on the east side of Ashland avenue and South Grand avenue; that she saw defendant in error start to run across the street; that he was running as fast as he could; that she saw the automobile running north when it was fifty or one hundred feet away and that it was going very fast; that the automobile was about ten feet away from the crosswalks on the south side of Grand avenue when it struck the defendant in error and that it stopped immediately thereafter and backed up.

James Corcoran, the boy who was chasing defendant in error, testified that he saw the automobile strike defendant in error about ten or fifteen feet south of the crosswalks on the south side of Grand avenue; that defendant in error was in the north-bound street car track on Ashland avenue when struck by the automobile and was thrown northward in the tracks. He further testified that the automobile was traveling, just before it struck defendant in error, at the rate of about twenty-five miles per hour. Another witness for the defendant in error testified that the automobile was from fifty to seventy-five feet away at the time the boy started to cross the street and that "the machine was coming fast." The street car track is from eleven to thirteen feet west of the east curb of Ashland avenue at the point where the boy left the curb.

Plaintiff in error's chauffeur testified that he saw the defendant in error running south on the east sidewalk on Ashland avenue; that he had run a distance of about sixty-five feet from the south side of Grand avenue before he turned into Ashland avenue; that he then ran in a south-westerly direction across Ashland avenue, looking over his right shoulder, and ran into the automobile after the witness had stopped the automobile on the street car tracks; that just before the accident the automobile had been going about twelve miles per hour, while the boy as he ran into it was running about twenty-four miles per hour; that at the time the boy left the sidewalk the witness was sixty feet south of him; that he realized that if the boy did not stop running or the car did not stop there was liable to be a collision, and that he could have stopped his car within a distance of six or eight feet. He further testified that he did not stop when the boy left the sidewalk and ran in a diagonal direction towards the car. In answer to this question, "How far did you proceed then before you did stop?" he said, "I went on and blew my horn." He further stated that he ran his car a distance of about forty feet while the

boy was running in a diagonal direction toward his car. On being asked why he did not stop his car when he saw the boy leave the sidewalk and start towards him, he said, "I didn't see why I should stop."

The two principal questions of fact submitted to the jury were: First, whether or not the plaintiff in error was guilty of the negligence charged in the declaration; and second, was the defendant in error guilty of such contributory negligence as would bar his recovery. The jury found those questions in favor of the defendant in error, and further found that he was injured by the negligence charged to the plaintiff in error. The Appellate Court has affirmed the judgment and thereby settled all questions of fact so far as this court is concerned, because this court could not properly hold as a matter of law, either that the plaintiff in error was not guilty of injuring the boy by his negligence or that the boy was guilty of contributory negligence.

The court instructed the jury "that the plaintiff at and before the accident and injury was not required to exercise the highest degree of care for his own safety, but was only required to exercise that degree of care which a boy of his age, capacity, experience, education and intelligence would exercise under the same or similar circumstances." Plaintiff in error contends that this instruction is not in accordance with the law, because the court should have used the words "which an ordinarily prudent boy of his age," etc., would exercise, instead of using the words "a boy of his age," etc., would exercise under the same or similar circumstances. It may be conceded that the instruction would have been improved by the use of the words suggested by plaintiff in error, but the plaintiff in error asked, and the court gave, a similar instruction in the following language, which is equally objectionable and which is erroneous in the same particular named: "By the words 'ordinary and reasonable care and caution,' wherever used in these instructions, the court means that degree of care and caution

which a person of the age, capacity, experience of the plaintiff would ordinarily use under the same or similar circumstances." There is no difference, in substance, in the use of the words "a boy," in the first instruction, and the use of the words "a person," in the latter instruction. Neither of them is qualified by the words "ordinarily prudent." We hold that the giving of this instruction was not reversible error, and particularly because plaintiff in error asked and the court gave a similar instruction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*