Wm. Wrigley, Jr. Company, Appellant, v. Standard Roofing Company, Appellee.

Gen. No. 42,915.

Heard in the third division

of this court for the first district at the December term, 1943. 
 Opinion filed February 14, 1945. Released for publication March 5, 1945.

CHESTER D. KERN and JAMES A. DOOLEY, both of Chicago, for appellant.

ALBERT M. HOWARD and WALTER A. CHRISTOPHER, both of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action under section 29 of the Workmen's Compensation Act, Chapter 48, Par. 166, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 143.44] to recover an amount not to exceed $4,071.70, the amount of compensation, etc. paid or to be paid by plaintiff to the widow of its employee by reason of the latter's injuries which caused his death. Judgment was for defendant upon a verdict of not guilty and plaintiff has appealed.

Albert Zarling was a checker and watchman of incoming and outgoing automobiles and pedestrians, on a driveway paralleling the north side of Building "E" of plaintiff's South Ashland Avenue plant in Chicago. On September 13, 1940, defendant was engaged in roofing work on the roof of Building "E." During the course of the work a ladder being used by its employees fell from the roof, struck Zarling and fractured his skull. He died from the injury the following day. Both plaintiff and defendant were operating under the provisions of the Workmen's Compensation Act at the time, and after a finding by the Industrial Commission that decedent's injuries arose out of and in the course of his employment, Zarling's widow was awarded, and paid part of, the sums sought to be recovered herein.

The complaint is in two counts, the first of which charges that the defendant had exclusive ownership,

possession and control of the ladder, and that as a result of its negligence the ladder fell and injured Zarling while he and plaintiff were in the exercise of due care. The second count charged that defendant negligently placed the ladder without proper fastening, carelessly maintained it in its position and otherwise mishandled it, so as to cause it to fall and injure Zarling while he and plaintiff were in the exercise of due care. The defendant denied the allegations of due care and negligence, offered no testimony and rested its case after motions for a directed verdict were denied.

When the injury occurred defendant's employees Kompanowski and Riley were working on the roof of Building "E." This building is six stories high and upon its roof are several elevator penthouses. One of these, located at the north edge of the main roof, has as its north wall a portion of the north wall of the main building extended. This penthouse measures 12 feet north and south and its roof is 12 or 13 feet above the main roof. Defendant's two employees were using an extension ladder measuring 10 feet unextended and 20 extended. The end of each ladder leg contained a metal prong 1 inch long and 1 inch in diameter. The upper ends of the ladder sides bore metal hooks. The ladder unextended was placed against the west wall of the north penthouse about 8 or 10 feet south of the firewall at the north edge of the main roof, and the ladder legs were placed on 6 inch by 6 inch wooden blocks about 3 or 4 feet west of the wall. The ladder was not hooked to the penthouse roof. There is testimony, both that the prongs were resting on and stuck into the blocks. Kompanowski and Riley worked on the penthouse roof from about 10:30 a. m. until noon and resumed work after lunch. They had used the ladder several times in this period and it "felt secure." About 1:30 p. m. Kompanowski, weighing 212 pounds, was reaching down for tar paper, and a sud-

den gust of wind turned him about. As he was turned from the south he saw the ladder falling over the north firewall. At that time he was about 20 feet away from the previous position of the ladder and Riley about 8 feet away. Most of these facts were presented by testimony of Kompanowski as a witness for plaintiff. Riley did not testify.

Plaintiff contends that the verdict should be set aside because defendant did not introduce any evidence to explain the accident to overcome the presumption of negligence by virtue of *res ipsa loquitur* under Count I, nor to overcome the *prima facie* case of specific negligence under Count II. It also contends that the judgment should be reversed because of faulty instructions.

Defendant says that if plaintiff proved specific negligence there can be no application of the doctrine of *res ipsa loquitur;* and that defendant was not required to offer any proof to overcome a *prima facie* case made by the plaintiff, if there was sufficient evidence unfavorable to plaintiff arising from plaintiff's case. It contends that the jury was properly instructed.

Plaintiff admits here that the proof shows that a gust of wind blew the ladder from the roof. It says, however, that the defendant should have anticipated the wind and secured the ladder against it. There were no weather reports pertaining to the force of the wind offered in evidence. There is Kampanowski's testimony that he had never experienced such a wind before in his work. The defendant argues that the question of its negligence was for the jury and that the jury's verdict is justified by the evidence. Both parties appear to be in accord with the rule that the presumption of negligence arising by virtue of the doctrine of *res ipsa loquitur* does not apply where there is evidence explaining the accident or contrary to the presumption, or where there is room for a different inference.

Where a plaintiff shows due care, the happening of an accident and the injury as a proximate result, the control by defendant of the instrument of the injury, and it appears that the accident is one that except for negligence of defendant would not ordinarily have happened, there is a presumption of defendant's negligence. If no evidence is produced to explain the accident or to refute the presumption or to make room for an inference contrary to defendant's negligence, then plaintiff should recover. Where there is evidence of specific negligence, however, there can be no application of the doctrine of *res ipsa loquitur*. *Bollenbach v. Bloomenthal*, 341 Ill. 539. Where plaintiff charges general negligence, relying upon the doctrine of *res ipsa loquitur*, and also charges specific negligence and offers evidence attempting to establish a *prima facie* case of specific negligence, either one of two results may follow: (1) The *prima facie* case of specific negligence be established and the case go to the jury on that count, and in this event the doctrine of *res ipsa loquitur* is not applicable and the general negligence count should not go to the jury; (2) the attempt to establish the *prima facie* case of specific negligence fail but, nevertheless, the evidence establish the elements supporting the presumption of negligence by virtue of the doctrine of *res ipsa loquitur,* and the case go to the jury on the general negligence count, and in this event the specific negligence count should be withheld from the jury. Since plaintiff insists that there is evidence tending to prove the specific negligence and, moreover, since it admits that a gust of wind blew the ladder from the roof, we conclude on this point that the doctrine of *res ipsa loquitur* is inapplicable.

Defendant admits that the question of its negligence was for the jury and it does not argue that there is any question of decedent's due care or that plaintiff's due care was not for the jury.

The next point to consider, therefore, is plaintiff's contention that because defendant offered

no evidence, the jury had no alternative but to render a verdict for plaintiff. In determining whether plaintiff's charges of the specific negligence should go to the jury, a question of law is involved to be decided upon consideration of plaintiff's testimony as true with legal inferences drawn most strongly in its favor. Having decided that the case was proper for the jury to decide, it then became the province of the jury to determine the questions of fact arising out of all the evidence favorable and unfavorable and guided by the instructions of the court to arrive at a verdict. Defendant was not obliged to present testimony, but could rely as it did here upon factors unfavorable to plaintiff or favorable to itself developed from witnesses for plaintiff. Any issues of fact presented by the evidence were determinable by the jury.

 Plaintiff contends that the judgment should be reversed because of the giving of erroneous instructions. It says instructions 8, 9 and 10, involving contributory negligence, should not have been given as there is no evidence to which they could apply. Plaintiff offered an instruction covering due care. It has, accordingly, waived its right to complain upon the general subject. *Cleveland, C., C. & St. L. Ry. v. Ricker,* 116 Ill. App. 428; *Mattoon City Ry. Co. v. Graham,* 138 Ill. App. 70; *People v. McGown,* 57 N. E. (2d) 857 (Ill.). Instruction No. 8 states that " 'Proximately' means . . . closely connected with the injury in the order of events and so connected with the injury that but for contributory negligence the injury would not have happened." This definition is not clear to the average man. Instruction No. 10 states that if plaintiff by "use of its faculties in looking for danger could have avoided the accident, it cannot recover." The term "faculties" as used in instructions referring to natural persons has no place in an instruction referring to an artificial person. Instruction No. 11 states that the jury should find defendant not guilty if it should find that plaintiff would have

avoided the injury by exercising due care "for its own safety." There is no question of plaintiff's safety, but of the safety of its employee whom plaintiff was bound to protect by exercise of due care through its other employees and in the operation of its business. There is no basis in the evidence for Instructions No. 10 and No. 11. Each party referred us to a case in support of its argument on Instruction No. 10. Neither is applicable. The considerations bearing on due care of a passenger in an automobile can hardly be applied to a corporation in relation to its employee. There is no evidence which suggests that the decedent was guilty of contributory negligence and the evidence could hardly be stretched to suggest that the plaintiff through its employees did not use due care to protect the decedent. There was evidence that certain of plaintiff's employees were on the roof before the accident. Their business was not connected with the roofer's work and there was nothing there to attract their attention to the position of the ladder. They might have warned Zarling that the men were working, although the inference is that he knew it, since the roofers had been employed for weeks at plaintiff's plant and on the day in question were getting hot tar from a fellow employee standing at the street level. We believe there was no warrant for giving Instructions Nos. 10 and 11. Complaint is made of Instruction No. 12 which informs the jury that "the mere happening of the accident . . . raises no presumption of negligence on the part of defendant." Such an instruction was condemned in *Mississippi Lime & Material Co. v. Smith,* 282 Ill. 361, relied upon by plaintiff, because there was nothing in the record there to suggest an accident. Here, there was testimony that a gust of wind blew the ladder from the roof. The same view applies to Instruction No. 13. The ruling on a similar instruction in *Minnis v. Friend,* 360 Ill. 328, does not apply here. Were the doctrine of *res ipsa loquitur* applicable in this case, a

different question would arise as to these instructions. The court properly refused to give plaintiff's instruction which covered the application of the doctrine *res ipsa loquitur*.

Thirteen of the sixteen instructions given were at the request of defendant. Seven of these concluded with the words, "find the defendant not guilty," or similar phrases. This practice was condemned in *Gulich v. Ewing*, 318 Ill. App. 506, where the court said, "It is undoubtedly misleading to the jury and prejudicial to plaintiff's cause" and that it was particularly prejudicial where the defendant offered no evidence, because the jury might infer the court doubted whether a *prima facie* case was made.

For the errors committed in instructing the jury, it is our opinion that the judgment should be and it hereby is reversed and the cause remanded.

*Reversed and remanded.*

BURKE, P. J., and LUPE, J., concur.