Louis Goldschmidt, Appellant, v. Chicago Transit Authority, Appellee.

Gen. No. 44,237.

Opinion filed June 23, 1948. Rehearing opinion filed November 3, 1948. Rehearing denied November 26, 1948. Released for publication December 2, 1948.

JOSEPH D. RYAN, of Chicago, for appellant.

WERNER W. SCHROEDER, WILLIAM S. ALLEN, JOSEPH P. BRODIE and ARTHUR J. DONOVAN, all of Chicago, for appellee.

ON REHEARING.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Louis Goldschmidt filed a two count complaint in the superior court of Cook county against the trustees of the corporations doing business as Chicago Surface Lines, and sought a judgment for damages on account of injuries suffered when struck by a street car. The first count alleged that on December 20, 1944, he was

walking in a southerly direction on Halsted street, just west of the southbound car track and a short distance north of the stopping place at George street in Chicago; that he intended to board the car at the stopping place; that at all relevant times he was in the exercise of due care for his own safety; that the street car was being operated toward the stopping place; that it was overtaking plaintiff, who was in its path and in full view of the motorman; that the defendants, by their agent and servant, committed specified acts of negligence; and that by reason of one or more of such acts and as a direct and proximate result thereof, the street car struck plaintiff with great force and caused his injuries. The second count differs from the first in that it does not allege that plaintiff was in the exercise of due care for his own safety, but alleges that the acts complained of were committed in a wilful and wanton manner and with a conscious indifference to surrounding circumstances and conditions, and that as a direct and proximate result the street car struck plaintiff with great force and violence, causing his injuries.

In their answer, defendants denied that plaintiff was in the exercise of ordinary care for his own safety; denied that the street car was overtaking the plaintiff, or that he was in its path; denied any act of negligence; denied the allegations of wilful and wanton conduct; and alleged that plaintiff, with conscious indifference to existing circumstances and surrounding conditions and with utter disregard for his safety, wilfully and wantonly brought himself into collision with the street car and thereby was injured. Plaintiff replied denying that he was guilty of wilful or wanton conduct which proximately caused or contributed to cause the "accident" or the resulting injuries, or that he wilfully or wantonly brought himself into collision with the street car. A trial resulted in a verdict finding the defendants "not guilty." Plaintiff's motion for a new trial

was overruled and judgment was entered on the verdict. Plaintiff, appealing, asks that the judgment be reversed and that the cause be remanded for a new trial. The Chicago Transit Authority, a municipal corporation, has been substituted as defendant.

Plaintiff states that defendants' motorman was guilty of wilful and wanton conduct in the operation of the street car. He does not contend that he asked the court to instruct the jury that the motorman was guilty of wilful and wanton conduct in the operation of the street car, and he does not argue that it was reversible error to submit that issue to the jury. He maintains that there was no evidence that he was guilty of wilful and wanton conduct and that the court committed reversible error in submitting that issue to the jury. Our Supreme Court has held that where one count of a complaint is based on negligence only and another count on wilful and wanton conduct, of which malice is the gist, and the verdict is general without specifying the count on which it is based, the presumption is that the verdict is based on a cause of action of which malice is the gist, and that if there is no evidence to support the charge of wilful and wanton conduct it is incumbent upon the trial court, upon request, to withdraw that issue from the jury, and that failure to do so constitutes error requiring a reversal of the judgment and a retrial of the case, owing to the uncertainty as to what influence the charge, though not proved, may have upon the jury. *Greene v. Noonan,* 372 Ill. 286.

Relying on that doctrine plaintiff asserts that there was a general verdict of "not guilty"; that there was no evidence to support the issue that he was guilty of wilful and wanton conduct which proximately contributed to his injuries; that he requested that such issue be withdrawn from consideration of the jury; that there is a presumption that the verdict is based on the charge that he was guilty of wilful and wanton

conduct which proximately contributed to his injuries; and that the verdict must be set aside. Defendants insist that the doctrine discussed in the *Greene* case is not applicable to the case at bar because plaintiff did not move or request to withdraw from the consideration of the jury the issue of his alleged wilful and wanton conduct. They assert that the issue of wilful and wanton conduct on the part of plaintiff was recognized by him as being in the case and was submitted to the jury in his instructions. We assume, without deciding, that the rule applied in the *Greene* case is not limited to cases in which judgment is against the alleged tortfeasor, and also assume, without deciding, that the rule applies where malice is not the gist of the action. In *Smithers v. Henriquez*, 368 Ill. 588, it was contended that the general verdict could not support a judgment because of the want of any evidence to support the wilful and wanton count. The court pointed out that section 68 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 192; Jones Ill. Stats. Ann. 104.068] provides that whenever there are several counts in a complaint based on different demands, the court shall, on the demand of either party, direct the jury to find a separate verdict upon each; that defendant filed only a general motion for a directed verdict; that he could have availed himself of the provisions of the statute by demanding a separate verdict on the different counts, or he could have moved for a withdrawal of the wilful and wanton count; and that "by failing to do either he is not in a position to complain." In addition to the provision for separate verdicts where there are multiple counts, section 65 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 189; Jones Ill. Stats. Ann. 104.065] states that in any case in which the jury render a general verdict, they may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact which shall be stated to them in writing, and

that when the special finding is inconsistent with the general verdict, the former shall control the latter and the court may render judgment accordingly. Neither party sought special findings or separate verdicts. In the *Greene* case the court said (290):

"It is incumbent upon the defendant to move the court to instruct the jury to find him not guilty as to the charge of wilful and wanton conduct. This was done."

An objection to the submission of an issue of fact to the jury must be made before the case is given to the jury. After the case has been submitted to the jury and the verdict has been returned it is too late to make or for the court to rule on the objection. Such objection, made for the first time on a motion for a new trial or on appeal, is of no avail. A party is not permitted to lie by and speculate on his chances for a verdict and then raise objections which should have been raised during the trial. Plaintiff recognizes these principles, but insists that he "did strenuously object to the submission of this issue during the discussion of instructions in chambers at the conclusion of all the evidence before the jury retired," and that the court overruled his objections. He also states that since the presumption in the circumstances is conclusive that the jury's verdict is based on the charge of wilful and wanton conduct on his part, he was not required to procure any "special finding" to that effect. We recognize that if plaintiff sought unsuccessfully to withdraw from the jury the issue of his alleged wilful and wanton conduct that he could save the point for consideration on review, though he did not submit a special finding or a separate verdict. It will be observed, however, that our Supreme Court, in cases involving this subject, has seen fit to comment on the fact that a litigant could have availed himself of the provisions of the Practice Act by demanding a separate verdict on the different

counts, or that he could have moved for a withdrawal of the issue of wilful and wanton conduct. (*Smithers v. Henriquez*, 368 Ill. 588.) We also recognize that plaintiff would not waive his right to question the propriety of submitting the issue by giving instructions that he was obliged to give.

■ ■ In order to establish that he requested and procured a ruling that the issue of wilful and wanton conduct on his part be withdrawn from the jury, plaintiff brought up two supplemental records. We have carefully perused the original and supplemental records and cannot find that he made such a request to the trial judge orally or in writing, or that the court ruled on the proposition. Whether the manner in which plaintiff brought the matter to the attention of the trial judge during a conference in chambers prior to the submission of the case to the jury was in the form of a motion, a request or a suggestion, the essential requisite was that the matter be consciously before the trial judge so that he would know that he was asked to make a ruling thereon. The court reporter was not present during the conference in chambers. However, it would be a simple matter for the attorneys, in the presence of the trial judge, to show in the reporter's notes, what, if any, motions and rulings were made in chambers; or the trial judge could certify from his memory as to what took place. There is an irreconcilable conflict between the parties as to whether plaintiff asked to have the charge withdrawn. We must rely on the certification by the trial judge as to what took place and he does not certify that plaintiff made any motion or request, either orally or in writing, to withdraw the charge of plaintiff's alleged wilful and wanton conduct. We conclude, as the Supreme Court did in the *Smithers* case, that as plaintiff did not demand a separate verdict or special finding, or move or request the withdrawal of the wilful and wanton charge, he is not in a position to complain.

■ Plaintiff does not argue that the judgment is against the manifest weight of the evidence under the issues presented by the allegations and the answer to Count I. The issues under this count were submitted to the jury by plaintiff's instructions Nos. 1, 13 and 14. By failing to argue that the judgment is against the manifest weight of the evidence under the issues presented by Count I, he waived his right to so assert. Plaintiff concedes that if the jury had been properly instructed as to the first count, a verdict for the defendants on that count could not be said to be against the manifest weight of the evidence.

■ ■ Upon appeal, every reasonable intendment not negatived by the record will be indulged in support of the judgment. Error is never presumed by a reviewing court, but must be affirmatively shown by the record. (2 R. C. L. pp. 219–221, sec. 184; 5 C. J. S. 265, sec. 1533; *People v. Throop,* 359 Ill. 354; *People v. Gerke,* 332 Ill. 583; *Kiesewetter v. Supreme Tent Knights of Maccabees of World,* 227 Ill. 48.) *Union Drainage Dist. No. 5 v. Hamilton,* 390 Ill. 487, 493, 494.

■ ■ As neither party sought special findings or separate verdicts and as the plaintiff did not request the court to withdraw the issue of his alleged wilful and wanton conduct, as charged in the second count, and as there was competent evidence from which the jury could find the issues in favor of defendants on Count I (negligence), we find that there is no merit in plaintiff's argument to set aside the general verdict. The issue of wilful and wanton conduct on the part of plaintiff was recognized as being in the case and was submitted to the jury in plaintiff's instructions Nos. 1 and 16. A party will not be heard to complain of an instruction when his own instructions are subject to the same complaint. *Grosh v. Acom,* 325 Ill. 474; *Schubert v. Patera,* 310 Ill. 419; *Vischer v. Northwestern Elevated R. Co.,* 256 Ill. 572; *Wm. Wrigley, Jr. Co. v. Standard Roofing Co.,* 325 Ill. App. 210.

We turn to plaintiff's assertion that, assuming arguendo, that there was evidence on which the jury could base a finding or legitimately infer that he was guilty of wilful and wanton conduct which proximately contributed to his injuries, such finding would be contrary to the manifest weight of the evidence. We have held that plaintiff is not in a position to complain of the submission to the jury of the charge of his alleged wilful and wanton conduct under the second count. For aught that appears in the record the jury may have found for the defendant under the issues of Count I (negligence). Par. 2 of sec. 68 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 192, subpar.(2); Jones Ill. Stats. Ann. 104.068, subpar. (2)] states that if, in any case, there are several counts, and an entire verdict is rendered thereon, the same shall not be set aside or reversed on the ground of any defective count, if one or more of the counts be sufficient to sustain the verdict. In our opinion this provision may be invoked by a defendant or a plaintiff. The jury decides the issues joined by the pleadings and submitted to them by the court. A general verdict for a defendant will not be set aside or reversed if the evidence under the issues joined under one or more counts will sustain the verdict. As plaintiff is precluded from asserting the presumption that the verdict is based on his wilful and wanton conduct, as there is competent evidence to sustain the verdict in favor of defendant as to the first count, as every reasonable intendment not negatived by the record will be indulged in support of the judgment, and as the jury may have returned its verdict based on issues joined as to the first count, it is unnecessary to consider plaintiff's contention that the verdict of the jury as to the second count is against the manifest weight of the evidence.

Plaintiff asserts that the court erred in giving defendants' instructions 9 and 10. Instruction 9 reads:

"The court instructs the jury that if they believe from the evidence, under the instructions of the court, that the plaintiff was suddenly and without any negligence or fault on the part of the defendants placed in a position of danger, then, in order to charge the defendants with the duty to avoid injuring the plaintiff, the plaintiff must show by a preponderance of the evidence that the circumstances were such that the defendants had time and opportunity to become conscious, by the exercise of ordinary care, of the facts giving rise to such duty, and a reasonable opportunity to perform it. And if the jury further believe from the evidence, under the instructions of the court, that the circumstances, as shown by the evidence, did not charge the said defendants with the duty as thus defined, or if the jury believe from the evidence, under the instructions of the court, that the said defendants did not have a reasonable opportunity to perform, by the exercise of that degree of reasonable care elsewhere defined in these instructions, such duty as thus defined, then they should find the defendants not guilty."

Plaintiff states that this instruction advised the jury that if plaintiff was suddenly and without any negligence or fault on the part of the defendants placed in a position of danger, then defendants owed him a duty to avoid injuring him only if they had time and opportunity to become conscious of the facts giving rise to the duty and a reasonable opportunity to perform it, and that there was not a scintilla of evidence which would support the contention that the plaintiff was placed in a position of danger either suddenly or without fault on the part of the motorman. In *Paulsen v. McAvoy Brewing Co.*, 226 Ill. App. 605, the giving of an identical instruction was held to be reversible error. In this case the court held that the presence of a pedestrian on a crosswalk, even though he could not be seen because of obstructions to the view of the driver of the

wagon, could not be said to be one suddenly and unexpectedly arising. The court said (611):

"It is the law that if he was driving the defendant's wagon negligently as he approached the crosswalk and before he had any knowledge that the plaintiff was in a dangerous position, he might still be guilty of negligence, even though he did all he could to avoid the accident as soon as he perceived the danger of the plaintiff."

In *Nelson v. Chicago City R. Co.*, 163 Ill. App. 98, where a similar instruction was considered, the court said that a motorman was not free from negligence merely because he exercised ordinary care to avoid the mishap "as soon as it was apparent or ascertainable to him, in the exercise of reasonable and ordinary care, that the plaintiff was crossing the track or getting upon or near the track in a position of danger, regardless of the rate of speed at which he was running the car as he approached the place of the accident." The court also said (102):

"The question of liability for negligence in this case did not turn wholly upon the care exercised by the particular motorman after he saw the danger, if he had negligently created a situation which he could not control in time to avoid the accident, and such negligence contributed to the accident."

Plaintiff asserts that in the instant case "where the motorman himself created the dangerous situation which he could not control in time to avoid the accident, it was error to instruct the jury that they could not find that he didn't have time and opportunity to become conscious of the danger, or that he didn't have a reasonable opportunity to avoid it," and that under the instruction the jury might well have reached the erroneous conclusion that the defendants were not liable because the plaintiff suddenly and without negligence or fault on the part of the motorman, placed

himself in a position of danger when the motorman had neither time nor opportunity to avoid injuring him, even though the motorman's own negligence caused, or proximately contributed to cause, the danger to which he was exposed. Each party has the right to have the jury instructed upon his theory of the case if it has a basis in the evidence upon which to rest. *Chicago Union Traction Co. v. Browdy,* 206 Ill. 615; *Keokuk & H. Bridge Co. v. Wetzel,* 228 Ill. 253; *Baltimore & O. S. W. R. Co. v. Faith,* 175 Ill. 58. In *Chicago Union Traction Co. v. Browdy,* 206 Ill. 615, in which a horse and wagon "standing at the curb" were "suddenly and without notice" turned and driven onto the car track in front of an approaching car, the court approved an instruction similar to the one criticized by plaintiff. In that case the court said (618):

"To hold that it was the motorman's duty to stop the car because the horse and wagon were standing near the track, although sufficiently distant to permit the car to pass in safety, would be to impose upon the appellant a duty not imposed upon it by law. Neither was the motorman required to assume that when his car was too near the horse and wagon to permit him to stop his car before it would strike the wagon, the appellee would suddenly and without notice drive upon the track. He was only required to operate his car with reference to perils which reasonably might be expected to occur. To require him to run his car with such caution as to guard against unusual or extraordinary perils would be to require him to so operate his car as to prevent the practical operation of the road. The instruction correctly stated a principle of law which was applicable to the case, the principle contained therein was not given to the jury in any other form, and the instruction should have been given."

[13] In the case at bar there was testimony that the speed of the car was only about 15 miles an hour and that it slowed down to 8 or 10 miles an hour; that

plaintiff crossed the street between intersections and about 25 feet ahead of the car and that he suddenly turned and began to run south in the cleared path; that the motorman saw that plaintiff had plenty of room to run along in safety, but he tried to stop "because you cannot tell he may run right in front of the car"; that the motorman applied the sand and brakes to stop as quickly as possible; that plaintiff slipped and fell against the car; that the car stopped in 20 feet; and that after the motorman saw plaintiff until he stopped, the car went about 50 feet, or about the length of the car. Plaintiff concedes that there was no danger of his being struck by the car while he was crossing the track, since he was able not only to get across in safety, but to run 15 or 20 feet south, outside of the path of the car, before it caught up with him. Under the evidence presented the defendants were entitled to the instruction and there was no error in giving it.

Plaintiff says that the court erred in giving defendants' instruction 10, as follows:

"If you believe from all the evidence that plaintiff has failed to prove by a preponderance of all the evidence in the case that the defendants were guilty of wanton, wilful or reckless misconduct which caused the alleged injury, then you are instructed that the plaintiff in running alongside the tracks in question on the occasion in question was bound to exercise ordinary care and caution for his own safety and to avoid the risk or danger which he might incur, if any, by running alongside the street car tracks in question, and if he did not exercise such care and thereby proximately contributed to produce the alleged injury in question, then the plaintiff cannot recover."

Plaintiff urges that the instruction imposed a greater burden upon him in proving his case than the law requires; that it makes him an absolute insurer of his own safety; that if a plaintiff sustains injury while in

the exercise of ordinary care for his own safety, through the negligence of another, as charged in his complaint, he is entitled to recover; that the instruction directs the jury that the plaintiff "in running alongside the tracks" was not only "bound to exercise ordinary care and caution for his own safety," but was also "bound" to "avoid the risk and danger which he might incur, if any, by running alongside the tracks"; and that under the instruction plaintiff's failure to avoid the injury would bar his right to recover. Considering the entire instruction, we are of the opinion that the jury would understand it to mean that plaintiff was bound to exercise ordinary care and caution to avoid the risk of danger. The instruction is subject to criticism. In our opinion, however, the giving of it does not constitute reversible error. For these reasons the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

KILEY and LEWE, JJ., concur.