Donald C. Braun and Edward Hornberger, Plaintiffs-Appellants, v. J. L. Lawder, Administrator of Estate of William Lawder, Deceased, Defendant-Appellee.

Term No. 51–M–5.

Opinion filed September 20, 1951.
Released for publication October 31, 1951.

PHILIP G. LISTEMAN, of East St. Louis, and GILSTER & EBERS, of Chester, for appellants.

E. H. WEGENER, of Chester, and WHAM & WHAM, of Centralia, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by appellants, Donald C. Braun and Edward Hornberger (hereinafter called plaintiffs) from judgments entered in favor of appellee J. L. Lawder, Administrator of the Estate of William Lawder, deceased (hereinafter called defendant). The cause was tried by the court, without a jury.

The action was instituted as against defendant to recover damages for personal injuries sustained by each of the plaintiffs as the result of an automobile-truck collision which occurred on April 27, 1948 on

Illinois State Highway number 3, near Red Bud, Illinois. Plaintiffs were both guest passengers of defendant and had charged defendant with wilful and wanton misconduct in the operation of the automobile.

It is unnecessary to detail any evidence in the cause other than evidence which gives rise to the particular issue which we are called upon to determine. Each of the plaintiffs was called in sequence by counsel for plaintiffs, and at the time of being called counsel announced that each of said plaintiffs, although apparently testifying on his own motion, was testifying as a "witness for the other plaintiff." Objection was made that such person as a party to the suit would not be competent to testify. Counsel for plaintiff in both instances asserted that the witness was to be examined and testimony was to be offered only as "to the other party in the case." An offer of proof was made as to what evidence the parties would testify to, which evidence, if proper, might have laid the foundation for a finding of wilful and wanton misconduct. The Court rejected the offer in each case. No evidence was offered on behalf of the defendant, and judgment was entered as against each of the plaintiffs. Essentially, no right to recover was established under the evidence, unless the evidence of each of the plaintiffs was competent on behalf of the other plaintiff in this cause.

Under the Evidence Act, 1949 Ill. Rev. Stat., ch. 51, par. 2 [Jones Ill. Stats. Ann. 107.068], it is specifically provided that no party to any civil suit or proceeding is competent to testify on his own motion as against an adverse party who sues or defends as an administrator, and it has also been held specifically that a party to an action cannot volunteer to testify as to conversations or transactions with a decedent where the adverse party sues or defends as an administrator.

A number of cases have considered parallel problems in this State. In *Guild v. Warne,* 149 Ill. 105, the Supreme Court of this State, in referring to the com-

petency of a certain witness, stated (at page 107), "The competency of Dr. Blackman is questioned both because he is a party to the action and because he is interested in the result of the suit. When these objections were urged below complainant's counsel attempted to show by the witness that his mother had so disposed of all her property by will as to leave him no interest whatever in her estate, but they seem to have persisted in continuing him a party complainant to the bill. As such he would unquestionably have been incompetent to testify in his own behalf and that of his co-complainants, at common law, and we are unable to see how it can be maintained that such disability is removed by our Statute, unless we ignore *Section* 2 of *Chapter* 51, entitled 'Evidence and Depositions.' We think both he and his wife were incompetent witnesses on behalf of complainants."

Similarly, in *Linn v. Linn,* 261 Ill. 606, the Supreme Court stated (at page 615), "It would be a violation of both the letter and the spirit of the Statute to hold that notwithstanding their incompetency as witnesses in their own behalf, each was competent to testify for the other. The Master and the Chancellor were clearly right in holding they were not competent to testify to anything that occurred before the death of James H. Linn (*Sullivan v. Corn Products Refining Co.,* 245 Ill. 9, . . .)" Support for this conclusion has apparently been general, if not unanimous (31 Ill. L. Rev., page 92).

It is the contention of plaintiffs on appeal in this cause that the joinder of the plaintiffs in one case is for the convenience of the court and the parties and does not destroy the separate identity of their respective claims. While this is true, circumstances relating to procedure or the positive provisions of the Evidence Act may make it wise and expedient in the interests of preserving a client's rights to request a severance of the actions for the purpose of trial. We find no basis

in the Evidence Act for allowing an exception to the rule on proper objection preventing a party to an action testifying as to matters under consideration in this action, when the action is defended by the administrator of the estate of the decedent. If the action of each of the parties had been severed for trial, each of the other plaintiffs would have been a competent witness on behalf of the plaintiff in the action then being tried. We find no basis in law for allowing such testimony, however, in the same proceeding in view of the positive provisions of the Evidence Act.

It is contended that the court in the trial of an action of the nature now before us might properly consider the evidence presented only as to the particular action as to which such evidence might have been proper, even if the confusion and difficulty which would arise if such cause were to be tried by a jury of laymen, can readily be apparent. We find no precedent for a distinction as to the rule relating to competency of such witnesses in trials before the Court alone, and with a jury. The plaintiffs in this case saw fit to file and maintain an action for trial without requesting or seeking a severance. They incurred a joint obligation as to costs in which they have a joint and direct interest. Since the plaintiffs had control of their case and had an opportunity prior to and during the course of the trial to evaluate and assess the necessity for the evidence of the other coplaintiff, and since they saw fit to proceed in the action without seeking a severance, the court below had no alternative but to deny the request as to the testimony of each of the parties when tendered. It, likewise, under the evidence had no alternative but to make a finding as against the plaintiffs at the conclusion of the trial. Under the circumstances, since no request for severance was made, this court is likewise not in a position to do other than to affirm the action of the circuit court of

426

Randolph county. The judgments of the circuit court of Randolph county will, therefore, be affirmed.

*Affirmed.*

BARDENS, J. and SCHEINEMAN, J., concur.