## Alec E. Weinrob, Appellant, v. James Heintz, Appellee.

### Gen. No. 45,357.

Opinion filed June 1, 1951. Rehearing allowed September 17, 1951. New opinion filed February 4, 1952. Released for publication March 25, 1952.

MARION J. HANNIGAN, of Chicago, for appellant; HARRY G. FINS, of Chicago, of counsel.

EKERN, MEYERS & MATTHIAS, of Chicago, for appellee; DONALD L. THOMPSON, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Alec Weinrob, a Chicago lawyer filed a complaint in the superior court of Cook county against James Heintz, alleging negligence in the operation by defendant of his motor vehicle on March 25, 1947, while plaintiff was a passenger at the request of defendant for the purpose of transacting business for defendant, as the proximate result of which plaintiff was injured. Answering, defendant denied the material allegations of the complaint and in an amendment alleged that at the time of the occurrence plaintiff was on a business trip for his employer, Rel Foods, Inc., and that his injuries arose out of and within the scope of his employment. Plaintiff in a reply denied the allegations of this affirmative defense. The case was tried on the issues joined. The court submitted to the jury, in addition to two forms of general verdict, four interrogatories, all of which were answered in the affirmative.

The interrogatories were:

"No. 1. Was the plaintiff, Alec E. Weinrob, immediately prior to and at the time of the accident here in question riding in the Packard automobile owned

33

and operated by the defendant, James Heintz, as a guest of said defendant without payment for such ride?

"No. 2. Was the defendant, James Heintz, careless or negligent in the manner in which he operated and controlled his automobile immediately prior to and at the time of the accident in question?

"No. 3. Was the defendant, James Heintz, employed by and performing a service for Rel Foods, Inc., a corporation, while he was driving his automobile from Chicago to Tuscola, Illinois, March 25, 1947?

"No. 4. Was the plaintiff, Alec Weinrob, employed by and performing a service for Rel Foods, Inc., a corporation, while he was riding in the automobile owned and operated by the defendant, James Heintz, from Chicago to Tuscola, Illinois, March 25, 1947?"

At no time during the trial did plaintiff move to withdraw from the jury the issue that he could not be classified as an employee. A general verdict of not guilty was returned. Judgment was entered on the verdict and special findings. Thereafter, a motion for new trial was filed by plaintiff. The only assignments in plaintiff's motion for a new trial with reference to the special interrogatories were in paragraph 4, which stated that "the court erred in giving Interrogatories Numbers 1, 2, 3 and 4 to the jury," and in paragraph 5, stating that "the answer of the jury to the Interrogatories is inconsistent with the general verdict." The court denied the motion for a new trial and plaintiff appealed from the judgment theretofore entered.

On June 1, 1951, an opinion was filed which directed that the judgment be reversed and that the cause be remanded for a new trial. A dissenting opinion was also filed. In due time defendant filed a motion supported by an affidavit, asking for an extension of time of 15 days in which to file his petition for rehearing.

34

Counter-suggestions that the court lacked power to allow the extension were filed. On June 13, 1951, the court allowed the motion. On June 18, 1951, the Supreme Court entered its order assigning the justices of the Appellate Court for the First District. In that order two of the justices in the First Division, where the instant case is pending, were assigned to the Second and Third Divisions and two justices sitting in the Second and Third Divisions were assigned to this court (First Division). Thereupon the justices assigned to this court (First Division) were and are the justice who dissented and who was reassigned to the First Division, and two justices who previously sat in the Second and Third Divisions. On June 19, 1951, the defendant filed his petition for rehearing. On September 17, 1951, the court allowed the petition for rehearing.

■ ■ Plaintiff, in his answer to the petition for rehearing (filed September 21, 1951), suggests that the petition was improperly granted because it was not filed "within 10 days after a decision is entered of record," as prescribed by Rule 13 of this court. Plaintiff points out that an examination of the rules discloses that whenever an extension of time may be granted, there is a provision for such extension in the rules, calling attention to Rules 1, 9, 20 and 33. In *Brant v. Chicago & Alton R. R. Co.,* 294 Ill. 606, the court held that if a motion to file a petition for rehearing is made in the Appellate Court during the term at which the opinion was filed, even though the time allowed under the rules had expired, the court may act upon the motion at the next term, and if it denies the motion it may again reconsider it at the same term and permit the petition to be filed, and that in such case the time for filing a petition for *certiorari* will be computed from the date the petition for rehearing is denied. It will be observed that Sec. 75 of the Civil Prac-

tice Act (Par. 199, Sec. 75, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.075]), provides that an application to the Supreme Court to cause it to grant leave to appeal shall be made within 40 days after the judgment of the Appellate Court shall have become final either through the denial of the petition for rehearing or the expiration of the time within which a petition for rehearing may be filed. We are convinced that despite the absence of a rule providing for an extension of time in which to file a petition for rehearing that we have the inherent power to grant such a petition, and that plaintiff's point is without merit. Plaintiff also suggests that since the opinion filed on June 1, 1951, was written by a justice now assigned to the Third Division of this court and concurred in by a justice now assigned to the Second Division that it would be improper for the court as now constituted to consider the case and render an opinion which might be at variance with the opinion previously filed. On a similar point urged in the case of *Glasser et al. v. Essaness Theatre Corp. et al.*, No. 45370, wherein an opinion is being filed concurrently with this opinion [346 Ill. App. 72], MR. JUSTICE NIEMEYER discusses this subject. Therein he carefully reviews the decisions on the question. We adopt the views therein expressed as applicable to the instant case.

Plaintiff asserts that the court erred in submitting to the jury Interrogatory No. 1 and that the answer "thereto is contrary to law." The jury answered that Mr. Weinrob at the time of the occurrence was riding "as a guest" in defendant's car. By its answer to Interrogatory No. 2 the jury found that the defendant was negligent in the operation of his automobile, causing injuries to the plaintiff. By its answer to Interrogatory No. 3 the jury found the defendant was employed by and performing a service for Rel Foods, Inc., while driving his automobile from Chicago to Tuscola, Illinois, on the day of the occur-

36

rence. Plaintiff states that the uncontradicted evidence shows that at the time of the occurrence he was riding in defendant's automobile at the latter's request and that defendant was then embarked on a mission of pecuniary benefit to himself and plaintiff. It was incumbent upon plaintiff to prove that he was not a guest at the time of his injury. *Miller v. Miller,* 395 Ill. 273; *Leonard v. Stone,* 381 Ill. 343. In *Connett v. Winget,* 374 Ill. 531, the court said that in determining whether a person is a guest within the meaning of the "guest statutes" consideration is given to the person or persons advantaged by the carriage; that if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if the carriage tends to promote mutual interests of both the person carried and the driver, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest within the meaning of such enactments. See also *Miller v. Miller, supra, Boyd v. Mueller,* 320 Ill. App. 303.

Plaintiff testified that on March 24, 1947, defendant telephoned him and asked him to meet him at the Stevens Hotel the following morning to drive to Tuscola, Illinois, for the purpose of purchasing a corn canning plant; that plaintiff was to accompany defendant to check the legal details concerning the title to the plant; that defendant "was interested in the deal" because he told witness that he, defendant, was to be the broker in the deal; that witness thought at the time that defendant was taking him to Tuscola and bringing him back the same day; that defendant told witness that he expected to sell the product of the plant on a commission basis; and that witness knew that a contract was drawn up with reference to a brokerage corporation of which defendant was to be the head. The canning plant was being purchased from the Crites

37

Milling Company. In December 1946, a charter was issued by the State of Illinois to the Douglas County Canning Corporation, which purchased the plant at Tuscola on March 25, 1947. Harold Lurie who, in March 1947, was manager of Rel Foods, Inc., testified that defendant "was the person who originally submitted the canning plant for purchase by us." He also testified that defendant was vice president of the Douglas County Canning Corporation "before the accident occurred." Lurie testified that in addition to defendant "being vice president of the Douglas County Canning Corporation, it was also agreed that he would become a food broker for that concern" and that he later did become a food broker "for them and was paid by them." Rel Foods, Inc., had no interest in the 1947 Packard which defendant was driving and did not pay any of the expense of its operation. Plaintiff, defendant and Mr. Hugh Tate started out from in front of the Stevens Hotel in Chicago the morning of March 25, 1947, riding in defendant's 1947 Packard automobile, Tate and defendant sitting in the front seat and plaintiff in the rear seat. Defendant was driving. The roads were snowy, wet and icy. Some 10 or 15 miles after leaving Kankakee, Illinois, the car went off the road, turned over two or three times, and all of the parties were thrown out of the car. Tate and plaintiff testified that immediately before the occurrence defendant was driving south and turned his face almost completely around to the north. Defendant said that the car veered to the left and that he lost control of it. Plaintiff sustained serious injuries and was incapacitated for a considerable length of time. There was evidence that he is still incapacitated as a result of the accident.

Defendant testified that he did not have a conversation with plaintiff relative to the trip to Tuscola; that he talked only to Lurie and Tate about the trip;

that he picked plaintiff up in front of the Congress or Stevens Hotel at 8 :00 a. m. on March 25, 1947 ; that Tate and he were to drop plaintiff off at Tuscola and then continue on to Paducah, Kentucky; that witness had nothing to do with the deal in Tuscola; that he and Tate, on behalf of Rel Foods, Inc., were to inspect a canning plant in Paducah, Kentucky; that before the accident he talked with plaintiff concerning the latter's return trip to Chicago by train; that he knew he was to meet plaintiff the morning of March 25th because he had talked with Lurie with reference thereto; and that he had no individual interest in that trip. Defendant was corroborated by plaintiff's witness Tate. Mr. Tate resides at Tuscola. He has been manager of the Douglas County Canning Corporation ''since it originated in 1947.'' Tate testified that on March 24, 1947, he talked with Lurie, who told him (witness) that he would send an attorney to set up the papers ''and check what was necessary''; that plaintiff was sent on the trip by Lurie; that witness and defendant did not intend to stop at Tuscola with reference to the deal there but were to proceed to Paducah, Kentucky in behalf of Rel Foods, Inc.; that defendant had nothing to do with the consummation of the deal in Tuscola and had nothing to do with the Douglas County Canning Corporation. The total consideration for the cannery deal at Tuscola was $20,000, of which $5,000 had previously been given as a deposit. Harold Lurie testified that Hugh Tate, Rel Foods, Inc., and Sam Dworett ''were the only ones to be interested in the deal'' for the purchase of the canning plant at Tuscola; that defendant ''did not put any money in the deal''; and that defendant ''sold for Douglas County Canning Corporation after it was organized.'' It is apparent that there was a factual issue as to whether plaintiff was a guest and that it was proper to submit that issue to the jury in special Interrogatory No. 1.

■■ Plaintiff states that the court erred in submitting to the jury Interrogatory No. 4 and that the answer thereto "is contrary to law." By their affirmative answer the jury said that plaintiff was employed by and performing a service for Rel Foods, Inc., while he was riding in the automobile owned and operated by defendant on March 25, 1947. Evidence was introduced by the respective parties for the purpose of maintaining their respective contentions as to this issue. Defendant urges that the status and relationship of plaintiff immediately prior to and at the time of the accident was a disputed question of fact and that the evidence on the issue was conflicting. Defendant says that plaintiff was an employee of Rel Foods, Inc., at the time of the occurrence; that the accident arose out of and in the course of plaintiff's employment; that the accident was covered by a Workmen's Compensation policy which included plaintiff and defendant as employees; and that consequently plaintiff's recovery for injury was excluded by the terms of the statute. The evidence shows that plaintiff was a practicing lawyer, had numerous clients and was rendering legal services to Rel Foods, Inc., in the same way he rendered services to his other clients. He was on an annual retainer but this retainer constituted only a small portion of his annual income as a lawyer. Rel Foods, Inc., had no power to nor did it in fact exercise any control or direction over him as to the manner or detail to be employed in connection with accomplishing any desired result. He was an independent practicing lawyer and the corporation was one of his clients. We recognize that there is no hard and fast rule to distinguish an employee from an independent contractor and that the determination of that question depends upon the circumstances rather than the craft or profession of the employee. We find that under the factual situation of the instant case that plaintiff was exercis-

ing an independent discretion and judgment while acting as the attorney for Rel Foods, Inc. He was not a servant of that corporation, but an independent contractor retained to perform professional services. We find that there was no evidence to support the submission of special interrogatories, the effect of which would be to find that plaintiff at the time of the occurrence was an employee within the meaning of the Workmen's Compensation Act and that he should seek his remedy in the provisions of that Act.

 In our view plaintiff is not in a position to complain about the submission of or the answers to any of the special interrogatories. If plaintiff believed, at the close of all the evidence, that there was no proof that his case came within the provisions of the Workmen's Compensation Act, then it was his duty to move the court to strike all testimony on that subject and withdraw that issue from the consideration of the jury. A jury does not pass on questions of law. An objection to the submission of the issue of fact to the jury must be made before the case is given to the jury. After the case has been submitted to the jury and a verdict has been returned it is too late to make or for the court to rule on the objection. Such objection, made for the first time on a motion for a new trial, is of no avail. A party is not permitted to lie by and speculate on his chances for a verdict and then raise objections which should have been raised during the trial. *Goldschmidt v. Chicago Transit Authority*, 335 Ill. App. 461, 467.

 Section 65 of the Civil Practice Act (Par. 189, Sec. 65, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.065]) provides that special interrogatories shall be submitted to the adverse party before the commencement of the argument to the jury, and that submitting or refusing to submit a question of fact to the jury "may be excepted to and be reviewed on appeal, as a

ruling on a question of law.'' The submission of each of the four interrogatories requested by defendant was a ruling on a question of law. Plaintiff did not object or except to the giving of any of the interrogatories. Section 80 of the Civil Practice Act states that no formal exception need be taken to any ruling or action of the court in any matter or proceeding in order to make such ruling or action a ground for review. We are not called upon to say whether section 65 of the Act requires a formal exception. An exception presupposes an objection. We are convinced that it is the duty of an attorney, who feels that there is no evidence to support a requested interrogatory or that for any other reason such interrogatory should not be given or should be modified, to make his position known before the interrogatory is submitted to the jury. A litigant should not be permitted to speculate on his chances for a favorable answer to the interrogatories and then raise objections which should have been raised in due time. In *Worthen v. Thomson*, 343 Ill. App. 62, commenting on section 65 of the Civil Practice Act, the court said (71):

''The plain intent of this section of the statute requires an exception in the case of a special interrogatory. But even in the earlier cases it was generally held in this state that objections to special interrogatories must be made when submitted, and not for the first time on a motion for a new trial. . . . It is also the settled rule that an objection to a defect which may be cured or obviated must be made in sufficient time to remedy the claimed defect. *Logan v. Mutual Life Ins. Co.*, 293 Ill. 510; *Sweney v. Northwestern Mut. Life Ins. Co.*, 251 Ill. App. 1.''

██ ██ There is a further reason why plaintiff should not be permitted to urge objections to the answers to the interrogatories. In his motion for new trial he stated that the court erred in giving the in-

terrogatories. The motion for a new trial did not specify any objection to the answers to the interrogatories. When a motion for new trial is filed in writing specifying the grounds relied upon, then all other grounds will be deemed to have been waived. *People v. Cohen*, 352 Ill. 380; *Pajak v. Mamsch*, 338 Ill. App. 337, 343. In *Voight v. Anglo-American Provision Co.*, 202 Ill. 462, the court said that the special findings, not having been mentioned as a ground for new trial, could not be assigned as error to the Appellate Court. As plaintiff failed to question the correctness or propriety of the jury's answers to any of the special interrogatories, he is bound thereby. It is not a question of whether plaintiff particularly failed to specify the grounds of his objections to the answers to the interrogatories. Plaintiff failed to object to the answers. We are of the opinion that the court did not err in refusing to grant a new trial because of the giving of any interrogatory or the answer thereto.

██ ██ Point No. 4 of plaintiff's motion for a new trial urges that "the answer of the jury to the interrogatories is inconsistent with the general verdict." We will assume that defendant intended that this objection would apply to each answer. The Civil Practice Act states that when the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and that the court may render judgment accordingly. The courts are not inclined to allow a general verdict to be set aside by the special finding of a jury unless the inconsistency is so clear that the special finding necessarily controls the general verdict. *Ebsery v. Chicago City Ry. Co.*, 164 Ill. 518, 524. In *Devine v. Federal Life Insurance Co.*, 250 Ill. 203, the court said (206):

"All reasonable presumptions will be entertained in favor of the general verdict while nothing will be presumed in aid of the special finding of fact. The incon-

43

sistency must be so irreconcilable as to be incapable of being removed by any evidence admissible under the issues.''

We are satisfied that the answers to the special interrogatories are not inconsistent with the general verdict.

Plaintiff urges that the court erred in giving, at the request of defendant, Instruction No. 34 on the issue as to whether he was employed under the provisions of the Workmen's Compensation Act, and that it is a peremptory instruction ''which fails to contain all of the facts herein involved as required by law.'' He also argues that the instruction was erroneous in that plaintiff was an independent contractor as a matter of law, as shown by the undisputed evidence, and that the jury should not have been permitted to pass upon the issue whether plaintiff was an employee or independent contractor. We have said that the issue as to whether plaintiff came under the Workmen's Compensation Act at the time of his injuries should not have been submitted to the jury. However, the parties tried the case on the theory that it was an issue and that issue was submitted to the jury. Instruction No. 8 given at the request of plaintiff, tells the jury that the defendant in his amended answer alleges as an affirmative defense that plaintiff is without capacity to maintain the action; that the burden of proof is upon defendant to prove by a preponderance of the evidence the allegations of his defense; that the burden was on defendant to prove that plaintiff was an employee of Rel Foods, Inc., that defendant was an employee of that corporation, that it was operating under and subject to the provisions of the Workmen's Compensation Act at the time and place mentioned in the complaint, that plaintiff's injuries arose out of and in the course of his employment by the corporation,

44

and that if they found that defendant had failed to prove each and all of the stated propositions, they should find the issue in favor of plaintiff on the affirmative defense. Instruction No. 9, given at the request of plaintiff, informed the jury that the term ''employee'' does not include any person who is not engaged in the usual course of the trade, business or profession or occupation of his employer. An instruction which directs a general verdict is not required to contain ''all of the facts'' involved as contended by plaintiff. Such an instruction is required to contain all the elements necessary to sustain the verdict. See *Hanson v. Trust Company of Chicago*, 380 Ill. 194, 196. Plaintiff does not state what necessary elements were left out of the instruction. In our opinion the instruction contained all the necessary elements to determine the submitted issue as to whether plaintiff was an employee under the Workmen's Compensation Act. Instruction No. 8 required the jury to find substantially as Instruction No. 34. A party will not be heard to complain of an instruction when his own instructions are subject to the same complaint. *Grosh v. Acom*, 325 Ill. 474; *Schubert v. Patera*, 310 Ill. 419; *Vischer v. Northwestern El. R. Co.*, 256 Ill. 572; *Wm. Wrigley, Jr., Co. v. Standard Roofing Co.*, 325 Ill. App. 210. We do not believe that plaintiff has any just cause to complain as to the giving of Instruction No. 34.

 Plaintiff states that the court erred in giving, at the request of defendant, Instruction No. 28, in that it used the phrase ''guest passenger'' twice. He says that the use of that phrase is improper and confusing and tended to mislead the jury because the word ''guest'' is entirely different from the word ''passenger,'' citing *Connett v. Winget*, 374 Ill. 531, 535. We cannot agree with plaintiff. In the *Connett* case the court recognized that a person riding in the automobile

45

of another is a passenger whether within or outside of the guest statute. The court said (534):

"In determining whether a person is a guest within the meaning of the 'Guest statutes' in the several States, consideration is given to the person or persons advantaged by the carriage; if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if the carriage tends to promote mutual interests of both the person carried and the driver, or if the carriage is primarily for the attainment of some objective purpose of the operator, *the passenger is not a guest* within the meaning of the enactments." (Italics supplied.)

See *Chapman v. Baltimore & O. R. Co.*, 340 Ill. App. 475; *Jacobs v. Illinois National Bank & Trust Co.*, 345 Ill. App. 30, 43; and *Braun v. Lawder*, 344 Ill. App. 423. In the latter case the court said (424): "Plaintiffs were both guest passengers of defendant . . . ."

█ Finally, plaintiff insists that the trial judge erred in giving, at the request of defendant, Instruction No. 29, which told the jury that if they believed from the evidence under the instructions of the court that immediately prior to and at the time of the accident plaintiff was riding in the automobile owned and operated by the defendant as a guest, as defined elsewhere in the instructions, the jury "must find the defendant not guilty." Plaintiff says this is a peremptory instruction which failed to contain "all the facts." The instruction was not required to contain all of the facts. In our opinion it contained all the elements necessary to sustain a verdict. See *Hanson v. Trust Company of Chicago, supra.* Furthermore Instruction No. 4, given at the request of plaintiff, told the jury that plaintiff alleged that he was riding in the automobile at the request of defendant for the purpose of transacting business for the defendant, and

46

that if the jury believed from a preponderance of the evidence under the instructions of the court that plaintiff proved the allegations of the complaint "as above set forth," etc., they should find the defendant guilty, which covered virtually the same subject matter as Instruction No. 29. We are satisfied that the court did not err in giving Instruction No. 29.

For the reasons stated, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

NIEMEYER, J., concurs.

FRIEND, J., concurs in result, but dissents on question of procedure.

For the reasons stated in *Glasser et al. v. Essaness Theatre Corp. et al.,* No. 45370 [346 Ill. App. 72], which is being filed concurrently with this opinion, I dissent from the procedure followed in allowing the petition for rehearing through participation of a new judge who took no part in the original consideration or decision of the case.