[Crim. No. 174.　First Appellate District.—August 27, 1909.]

## THE PEOPLE, Respondent, v. JOHN J. TANSEY, Appellant.

CRIMINAL LAW—MURDER—INSTRUCTION AS TO VERDICT—DEGREES OF OFFENSE—VERDICT FOR MANSLAUGHTER.—Upon a trial for murder, where there is evidence from which the defendant might be and was convicted of manslaughter, the court properly instructed the jury to the effect that if they believed from the evidence beyond a reasonable doubt that defendant was guilty of any offense, they might find him guilty of murder in the first degree or murder in the second degree or manslaughter, notwithstanding defendant's claim that the killing was only murder in the first degree, and that the only question for the jury was as to his identity with the one who did the killing, which he claimed he did not commit, and that he was prejudiced by a compromise verdict for manslaughter.

ID.—EXCLUSION OF OPINION EVIDENCE—POWDER MARKS ON FACE OF DECEASED — IMMATERIALITY—QUALIFICATION NOT SHOWN.—Where

there is no dispute in the evidence as to powder marks on the face of the deceased, and there is no theory of the case upon which the question as to the distance of the party who did the killing from the body of the deceased, at the time the shots were fired, could be material, it was not error for the court to exclude opinion evidence asked of a physician as to the distance of the muzzle of the pistol from the face of the deceased when the shots were fired in order to produce such marks, especially where the evidence does not show that the witness was qualified to give an opinion upon that question.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   Carroll Cook, Judge.

The facts are stated in the opinion of the court.

King & Kirk, and Carl E. Lindsay, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

COOPER, P. J.—The defendant was accused by the information of the crime of murder in the unlawful killing with malice aforethought of one McCartney in the city and county of San Francisco on the third day of September, 1907. The jury returned a verdict finding him guilty of manslaughter, and judgment was accordingly entered.   This appeal is from the judgment and the order made by the court denying defendant's motion for a new trial.

The main contention of the defendant is that the court erred in giving to the jury the following instruction: ''The court instructs you that if, from all the evidence in the case and the law applicable thereto, you should be satisfied to a moral certainty and beyond all reasonable doubt that the defendant here is guilty of any offense under the law, and within the information in this case, you may find him guilty as follows: you may find the defendant guilty of murder in the first degree; or you may find the defendant guilty of murder in the second degree; or you may find the defendant guilty of the crime of manslaughter.''

The argument is based upon the statement that the evidence clearly shows that the person who killed McCartney was guilty of willful and deliberate murder without any provocation or

any extenuating circumstances, and that the only question for the determination of the jury was the question as to the identity of the defendant, or in other words, whether or not defendant was the party who did the killing. It is said with much plausibility that the giving of such an instruction in a case where there is no question about the fact that the killing was deliberate murder, but the sole question is as to whether or not the defendant is the party who did the killing, would in many cases result in a compromise verdict when, but for such instruction, the jury would never have agreed upon a verdict.

It will be sufficient to decide such question when it is squarely presented by the record. In this case it is a sufficient answer to the contention to say that the record contains evidence which justifies the verdict of manslaughter. Indeed, if the jury believed defendant and the testimony he gave when upon the stand, it had the right to conclude that the killing was the result of sudden passion and in the heat of blood caused by the acts of deceased and the personal violence committed by deceased upon defendant. The defendant testified as follows: "As Bell and I were crossing Shotwell street on our way, two police officers met us. We were just walking along the street and were not making any noise or disturbance of any kind. The police officers got hold of us by the coat collars and shoved us along the street. The officer in the blue uniform had a hold of me and butted me in the back with something—I thought it was a club; the other officer hit Bell and shoved us along the street. I cannot say whether he used his club or fist. Bell was bleeding after he got down past Folsom street. I don't know whether it was from the nose or whether he was cut around the eye, but he was wiping off the blood from his face."

It appears by the record that the killing was done within a brief space of time after the transactions thus narrated by defendant. The police officer was attempting to arrest the defendant and Bell, and it was then that the shots were fired by which the deceased met his death. The jury might well have concluded that the defendant, having been shoved along and butted in the back with a club, was till angry, and that his passions had not cooled so as to make the crime deliberate

murder.   At least the jury gave the defendant the benefit of
the doubt and found the lesser offense, evidently based upon
his testimony as to the assaults made upon him.   Therefore
the giving of the instruction under the circumstances of this
case was not error.

It is claimed further that the court erred in sustaining
objections made to certain questions asked of the witness Dr.
Kusich in cross-examination relative to certain powder marks
found on the face of deceased, the questions relating to
the distance of the muzzle of the pistol from the face when
the shots were fired in order to have produced such powder
marks.   It is sufficient to say that there is no theory of the
case upon which the question as to the distance of the party
who did the killing from the body of the deceased at the
time the shots were fired could have been material.   The de-
fendant's counsel concede that the killing was murder, and
there is no dispute as to the fact that powder marks were
found upon the face of deceased in and around the wound.
The shots killed the deceased and left powder marks upon his
face; and whether the powder marks could have been left
upon the face if the shots were fired from a distance could
only have been material in case the evidence showed that
defendant was at a distance from deceased when he was
killed, and that shots other than these fired by defendant
could have produced the death.   Not only this, but the evi-
dence does not show that the witness was qualified to give an
opinion upon such question or questions that were asked him.

Other errors are assigned by defendant in sustaining ob-
jections to questions asked of certain witnesses, but they do
not appear to be urged, and it is sufficient to say that we
have examined them and find that there was no material error
committed by the court which would justify a reversal of the
case.

It therefore follows that the judgment and order must be
affirmed, and it is so ordered.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on October 26, 1909.