(No. 25639.—

JAMES CONNETT, Appellant, *vs.* WINFIELD S. WINGET,
Appellee.

*Opinion filed October 11, 1940—Rehearing denied Dec. 4, 1940.*

532

KNOBLOCK & SLOAN, (JOHN F. SLOAN, JR., of counsel,) for appellant.

CLARENCE W. HEYL, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Appellate Court for the Second District reversed, without remanding, a judgment obtained in the circuit court of Peoria county by appellant, James Connett, against appellee, Winfield S. Winget, and a petition for appeal to this court has been allowed.

Plaintiff's complaint alleged he was riding in the automobile of defendant as a passenger at which time plaintiff and defendant were upon an errand of business, and that during the trip defendant so negligently operated the automobile that plaintiff, while in the exercise of due care, was injured. Defendant denied the acts of negligence, and later amended his answer by alleging plaintiff was a guest as defined by the statute, (Ill. Rev. Stat. 1939, chap. 95½, par. 58a,) not paying for said ride. No reply was made to this amendment. The case was tried before a jury and resulted in a verdict for plaintiff. Motions to direct a verdict for the defendant and for judgment notwithstanding the verdict and for a new trial, were made and denied.

Plaintiff owned a house and lot in Peoria and defendant was a real estate broker. Defendant called plaintiff for the purpose of taking him some distance into the country

and showing him a property which was for sale or trade. Accompanying them was another broker by the name of Bartholomew who knew the location of the property and had it listed for sale. On this trip plaintiff was injured while defendant was driving the car. The testimony of the defendant tends to show his purpose in taking the plaintiff out to view the property was with the object of making an exchange, and that he had plaintiff's property listed for sale or trade. Plaintiff denied the listing, although later on he admitted he might have listed the property and failed to recall it. Defendant claimed he had talked with plaintiff about an exchange of his property during the last two months, and had advertised it for sale.

The Appellate Court held the denial by the plaintiff that the defendant had his property for sale was conclusive against the parties being on a business errand, and, therefore, the plaintiff was necessarily a guest, which would not permit him to recover unless wilful or wanton misconduct was alleged and proved. In this respect the Appellate Court was in error. The effect of this ruling was to make the relationship of guest or otherwise depend, as a matter of law, upon one isolated fact. There was other evidence in the case on the question, and before the Appellate Court could say plaintiff was necessarily a guest within the statute, as a matter of law, all the evidence should have been considered. In *Sycamore Preserve Works* v. *Chicago and Northwestern Railway Co.* 366 Ill. 11, this court said: "But where the effect of the Appellate Court's holding is that there is not evidence sufficient, when considered alone, to sustain the charge * * * of the complaint or declaration, it becomes the duty of this court to examine the record to determine whether there is any evidence, which, taken with its intendments most favorable to the plaintiff, tends to prove the charge of the declaration."

The Appellate Court regarded plaintiff's statement that he had not listed the property and did not expect to pay a

broker's commission as conclusive upon the question of his being a guest. We are of the opinion that this was not the sole test. The automobile belonged to defendant. Without expressing any opinion as to the weight of the evidence or the ultimate facts established, the defendant's testimony tended to show that he hoped to interest plaintiff in the propery being shown and to bring about an exchange for plaintiff's property; that he took the plaintiff with him in his automobile upon this expectation; that he did not invite plaintiff to ride as a mere matter of hospitality, but in the line of his business. The plaintiff may not have intended to make an exchange or to pay a broker's commission, but through salesmanship upon the part of the broker he might nevertheless have been persuaded to make a deal. It is clear the intention of the passenger, alone, does not determine whether he becomes a guest, since the invitation and the purpose of the ride may originate wholly with the owner of the automobile.

In determining whether a person is a guest within the meaning of the "Guest statutes" in the several States, consideration is given to the person or persons advantaged by the carriage; if it confers only a benefit incident to hospitality, companionship or the like, the passenger is a guest, but if the carriage tends to promote mutual interests of both the person carried and the driver, or if the carriage is primarily for the attainment of some objective or purpose of the operator, the passenger is not a guest within the meaning of such enactments. (*Smith* v. *Clute*, 277 N. Y. 407, 14 N. E. (2d) 455; *Gledhill* v. *Connecticut Co.* 121 Conn. 102, 183 Atl. 379.) In *Parrett* v. *Carothers*, 11 Cal. App. 222, 53 Pac. (2) 1023, it is held a prospective purchaser of real estate riding to view property which an owner is trying to sell is not a guest. A prospective purchaser of lumber riding with a salesman of the lumber company, (*Thomas* v. *Currier Lumber Co.* 283 Mich. 134, 277 N. W. 857,) and a person riding with an insurance salesman to talk

insurance, (*Piercy* v. *Zeiss*, 8 Cal. App. 595, 47 Pac. (2) 818,) were each held not to be a guest within the provisions of such statute. In *Foale* v. *Linsky*, 279 Ill. App. 58, where the decisions of many other States are cited and analyzed, the court reached the same conclusion.

Many instances may be imagined where a person riding in the automobile of another and not paying, is not a guest as defined by the statute. In Webster's New International Dictionary a guest is defined as a "person to whom the hospitality of the home [etc.] is extended." As applied to an automobile, the owner carrying another for the purpose of selling something cannot be said to be extending hospitality when he expects or hopes for material benefit from the carriage. Deciding this question solely upon the statement of the plaintiff was error.

The Appellate Court also intimates, but does not decide, that the complaint did not state a cause of action because where the complaint alleges one to be a passenger the burden is upon the plaintiff to show by direct averments why he is not a guest, before he can recover for anything else than wilful or wanton misconduct. The meaning of the word "passenger" is entirely different from that of the word "guest." The plaintiff, by describing himself as a passenger on an errand of business with the defendant, did not, as a matter of law, raise the legal inference that he was only enjoying the hospitality or companionship of defendant, and thereby become a guest within the meaning of the "Guest statute."

The defendant did not question the sufficiency of the complaint in the trial court until after verdict. All intendments in such event are in favor of the complaint. (*Sargent Co.* v. *Baublis*, 215 Ill. 428.) The complaint stated sufficient facts to be good on motion in arrest of judgment. Sub-section 3 of section 42 of the Civil Practice act provides that "all defects in pleadings, either in form or substance, not objected to in the trial court shall be deemed

waived." If the defendant desired more specific information his remedy was to seek it by appropriate motion. Nor do we believe the amended answer, in alleging the plaintiff was a guest and setting forth the provisions of the statute, was doing any more than setting forth a mere conclusion of law. *People* v. *Opie*, 304 Ill. 521, 524; *Bistor* v. *McDonough*, 348 id. 624, 636.

The contention of defendant that it is the policy of the law to consider all persons guests who ride in the car of another, except those paying therefor, is not supported by authority.

The Appellate Court did not pass upon the questions raised by defendant's motion to direct a verdict or for judgment notwithstanding the verdict, or the other questions of fact raised upon the evidence.

The judgment of the Appellate Court for the Second District is reversed and the cause remanded to that court, with directions to consider and decide all errors arising on the trial of the cause, not disposed of herein.

*Reversed and remanded, with directions.*