(No. 26701.—

Joseph Leonard, Appellee, *vs.* Wayne Stone, Appellant.

*Opinion filed November 17, 1942—Rehearing denied Jan. 13, 1943.*

Clarence W. Heyl, for appellant.

Cassidy, Knoblock & Sloan, for appellee.

Mr. Chief Justice Stone delivered the opinion of the court:

This cause is here on appeal on leave granted to review the judgment of the Appellate Court, Second District, affirming a judgment in favor of appellee for injuries arising out of an automobile accident. Appellee, a minor,

by his next friend, filed a complaint against the defendant, appellant, charging negligence in the operation of an automobile, thereby causing injury to the appellee while the latter was a passenger in the automobile. This was the gist of the first three counts. The fourth count, which charged wilful and wanton misconduct on the part of appellant, was dismissed before the trial. The principal issue of fact was whether appellee was a guest in appellant's car or a passenger who was giving consideration for the ride.

The theory of appellee, plaintiff, is that he had been employed by appellant in a drive-in restaurant or refreshment stand which the latter operated, to do odd jobs such as running errands, occasionally attending the soda fountain and cleaning the restaurant or lunch stand; that on the night of the accident he was so employed, and about ten o'clock in the evening his aunt called to take him home, but appellant told her he wanted appellee to stay and help with the work and sweep up prior to closing, and that he would take appellee home or see that he got home. The theory of the defense is that appellee was a guest in appellant's car, the latter having invited him to ride, together with Ruth Toches, an employee of appellant, and one Stephen Mitnovich, a witness on the trial.

The pavement was covered with ice and while defendant was driving toward appellee's home the car skidded, ran over the street curb and struck a tree, resulting in appellee's injury. At the close of appellee's evidence and at the close of all the evidence appellant's motion for an instructed verdict of not guilty was denied. Prior to the closing argument to the jury appellant tendered to the court a special interrogatory in the following words: "Do you find from the evidence at the time of the accident that the plaintiff, Joseph Leonard, was an employee in the employ of the defendant, Wayne Stone?" The court refused to submit this interrogatory to the jury and its refusal so to do constitutes the first assignment of error.

Counsel for appellant urge that under section 65 of the Civil Practice Act, (Ill. Rev. Stat. 1941, chap. 110, par. 189, p. 2426,) it was mandatory that the court submit the interrogatory requested by him. That section of the statute provides: "In any case in which the jury render a general verdict, they may be required by the court, and must be required on request of any party to the action, to find specially upon any material question or questions of fact which may be stated to them in writing."

The complaint charged that appellee was a passenger in appellant's car. As we have pointed out, the theory upon which appellee's case was tried was that he was an employee and that he had paid for his ride with his services. There was no contention that he paid for the ride in any way other than through an employee relationship. This allegation was specifically denied in appellant's answer. It is thus seen that the issue before the jury was whether appellee was a passenger for hire or was a guest under the so-called Guest Statute. Under that statute, (Ill. Rev. Stat. 1941, chap. 95½, par. 58a,) a guest can not recover damages caused by the general negligence of the driver of the automobile. This issue of fact was controlling in character. We are unable to see how a judgment against defendant could have been sustained on this record should the facts have shown appellee was other than an employee. (*Moore* v. *Dering Coal Co.* 242 Ill. 84.) The rule is that where the ultimate fact which would control a general verdict is to be determined by the jury, it is error to refuse to submit, when requested so to do, a special interrogatory, the answer to which would determine the jury's finding as to that fact. (*Wicks* v. *Cuneo-Henneberry Co.* 319 Ill. 344; *Smith* v. *Sanitary District*, 260 id. 453; *Springfield Coal Mining Co.* v. *Gedutis*, 227 id. 9; *Illinois Central Railroad Co.* v. *Scheffner*, 209 id. 9.) Since the theory of the appellee was that he was a passenger, paying for his ride by his services as an employee, we think it was error to refuse to submit this interrogatory.

Appellant also argues that it was error to refuse a directed verdict at the close of plaintiff's case and to refuse judgment nothwithstanding the verdict. The motion for a directed verdict at the close of appellee's testimony raised a question of law whether there was any evidence, construed most favorably for appellee, that tended to show he was a passenger and not a guest in appellant's car at the time of the accident. The Guest Statute, hereinbefore referred to, provides that no person riding in a motor vehicle as a guest, without payment for such ride, shall have a cause of action for damages against the driver or operator of such automobile unless the accident shall have been caused by wilful and wanton misconduct of the driver.

It was incumbent on appellee, as plaintiff, to show that he was a passenger and not a guest. Appellee cites *Connett* v. *Winget,* 374 Ill. 531, as authority for his position that he was a passenger and not a guest. In that case there was evidence of a contract for services to sell real estate and the transportation of the plaintiff by the defendant in the latter's car, to view certain property, was in furtherance of that contract. It was held that the contract of employment was consideration for the ride and sufficient to take the case out of the Guest Statute. While that case contained elements not present here, we are of the opinion that the court did not err in refusing to hold, as a matter of law, that there was no evidence tending to show appellee was a passenger.

As the cause must be tried again, we express no opinion on the question as to the weight of the evidence or the credibility of witnesses. For the error in failing to submit the interrogatory to the jury, the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court for a new trial.

*Reversed and remanded.*