**Holly Ann Rosenbaum, a Minor, by Estelle Rosenbaum, Her Mother and Next Friend, Plaintiff-Appellee, v. Marvin Raskin and Donna Raskin, Defendants-Appellants.**

Gen. No. 51,976.

First District.

December 19, 1968.

Rehearing denied January 15, 1969.

William D. Maddux and John M. O'Connor, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellants.

John J. Sullivan and John P. McAuliffe, of Chicago (William J. Harte, of counsel), for appellee.

TRAPP, P. J.

The defendants appeal a judgment in the sum of $8,699 entered following a jury verdict in favor of the minor plaintiff. All post-trial motions were denied.

The plaintiff is the niece of the defendant, Donna Raskin. The injuries arose under the following circumstances: The defendants have daughters aged four and five years and the parties reside on the same street, their homes being something over one-half a block apart. Plaintiff, then aged some four years, frequently came

to the home of the defendants to play with the daughters. On December 26th, the plaintiff's mother telephoned to inquire whether the plaintiff could come over to play with the Raskin girls. In that conversation plaintiff's mother was told that the defendants were leaving at about 1:00 p. m. to deliver Christmas parcels. Following such conversation, plaintiff walked to the home of the defendants, arriving between 10:30 and 11:00 a. m. At about 1:00 p. m. the defendants were preparing to depart on the Christmas errands and defendant Donna Raskin told the children to get into the defendants' automobile. Plaintiff and the four-year-old Raskin girl preceded the adults and got into the front seat of the automobile, plaintiff being nearest the right front door. Donna Raskin came to the car and told the girls to get into the back seat of the car and turned to, or stood, at the right rear door of the sedan to open it for the children. Plaintiff is described as backing out of the front seat of the car and as she stood with one foot on the ground her left hand was on, or clutched, the center post between the front and rear doors of the car. As Donna Raskin opened the right rear door, the left hand of the plaintiff was pinched between the forward edge of the opening door and the center post. Donna Raskin did not observe the position of the child's hand as she stood facing the side of the car, and she first became aware of the situation when the child cried. It was necessary to close the car door to release plaintiff's hand. The defendant, Marvin Raskin, was not present at the scene but was in the house using the telephone. As a result of the injury plaintiff lost two joints of the small finger of her left hand.

The briefs and arguments submitted are directed to the issue whether plaintiff could recover upon a theory of ordinary negligence in the opening of the car door, or was a "guest" under chapter 95½, § 9–201, Ill Rev Stats 1957, so that there could be recovery only if there was wilful and wanton conduct. Plaintiff contends that there should

be recovery for ordinary negligence and that, as a matter of law, a minor of four years cannot be a guest, or in the alternative, there must be an express or implied consent of the parents to the trip, and that such was not present in either form.

The complaint alleges, (1) that ". . . the defendants owned, operated, maintained, and/or controlled . . . a certain motor vehicle which was standing in the driveway . . ."; (2) that the plaintiff was ". . . a minor four (4) years of age, who was seated in the front seat of the said automobile at the invitation of the defendants, or one of them"; and (3) that the plaintiff ". . . had been invited by the defendant, Donna Raskin, to enter the said automobile to have company for her own children also in said automobile." The complaint continues to allege negligence in opening the door and in negligently failing to give warning of the opening of the door and ". . . negligently conducted themselves and/or operated and controlled the said automobile so that the plaintiff was injured . . . ." There are no other allegations purporting to define plaintiff's status in the car. The answer denies the alleged negligence, but there are no specific answers to the allegations of invitation and presence in the car. They are deemed admitted. Chapter 110, § 40(2), Ill Rev Stats. In a colloquy between the court and counsel during the discussion of a motion at the close of plaintiff's evidence, there is reference to a motion theretofore made to dismiss the complaint as insufficient to state a cause of action. We do not find such motion in this record.

Defendants made a motion for a directed verdict at the close of plaintiff's evidence, and again at the close of all of the evidence. Such motions raised the issue of proof under the "guest statute." As to the first motion, there was argument by counsel as to whether the record showed express consent by plaintiff's parents to the trip. As to the latter motion, there was presentation of argu-

ment and authorities upon the matter of implied consent based upon general custody of the minor as entrusted to the defendants, as well as consent upon prior occasions for the making of trips.

At the conference on instructions, the court overruled the defendant's objections to plaintiff's tendered instruction directed to (1) the issues framed as ordinary negligence; (2) defining negligence; and (3) defining ordinary care. Defendant tendered an instruction setting forth the provisions of the "guest statute," instructions defining wilful and wanton conduct and an instruction setting forth elements of proof under the "guest statute." Each was refused. Following the court's rulings on the several instructions, defendant's counsel expressly reserving claims theretofore made, stated to the court that there should be an instruction as to the burden of proof upon the issues submitted to the jury. The court gave said instruction. The issues made are severally preserved in a post-trial motion.

■ The cause of action is framed in terms of ownership, operation and control of the automobile by the defendants and the presence of plaintiff in such automobile, "by the invitation of the defendants or one of them." The application of the "guest" statute is not an affirmative defense which it is necessary to plead. Fischer v. Ross, 79 Ill App2d 372, 223 NE2d 722. To the same effect see Weinrob v. Heintz, 346 Ill App 30; 104 NE2d 534.

■ The objective, or legislative purpose, of the statute has been stated by the Supreme Court on frequent occasions. It is contained in the concept that there should be a difference between the liability of one who, out of generosity, renders gratuitous service to a fellow traveller from those who render service for compensation or expectation of personal gain. The court has stated that it was "evidently" the intention of the Legislature to correct an abuse arising because those:

474

". . . who are charitably inclined should not be restrained by fear of the consequences of their own charitable act and the recipients should not be permitted to gain by the generosity of their host."

Clarke v. Storchak, 384 Ill 564, 579, 52 NE2d 229; Summers v. Summers, 40 Ill2d 338, 239 NE2d 795.

■ The statute, within its own language, does not provide an exception in favor of minors. In a number of cases our courts have applied the guest statute to minors without question. Farley v. Mitchell, 282 Ill App 555 (a 14-year-old girl); Johnson v. Chicago & N. W. Ry. Co., 9 Ill App2d 340, 132 NE2d 678 (an 8-year-old plaintiff). See also Busser v. Noble, 22 Ill App2d 433, 161 NE2d 150 and Jung v. Buelens, 77 Ill App2d 391, 222 NE2d 707. Cf. Krantz v. Nichols, 11 Ill App2d 37, 135 NE2d 816.

Plaintiff urges that the rule should be different by reason of the age of this plaintiff, buttressing such position with opinions from divers jurisdictions. An early case relied upon is Rocha v. Hulen, 6 Cal App2d 245, 44 P2d 478, which held that an infant could not be a guest under the California statute defining the guest as one who "accepts a ride." Subsequently, however, in Buckner v. Vetterick, 124 Cal App2d 417, 269 P2d 67, it was held that infants had the guest status of the mother whom they accompany. The Colorado Court, in Green v. Jones, 136 Colo 512, 319 P2d 1083, held that an infant was incapable of accepting the status of a guest. Clearly relevant to this decision was the fact that the driver of the car was the agent of the mother, who did not have the status of a guest, and that the driver defendant did not own the car and had no status as a host.

The plaintiff cites Fuller v. Thrun, 109 Ind App 407, 31 NE2d 670, as holding that a minor under seven years was incapable of exercising the choice to become a guest. Here, however, the doings of the defendant were con-

475

trary to parental consent and instruction. Subsequently, in Whitfield v. Bruegel, 134 Ind App 636, 190 NE2d 670, that court held that a child who was permitted to visit an aunt sometimes with parental permission and sometimes without, became a guest even though there was no express permission for the specific trip.

In Kudrna v. Adamski, 188 Ore 396, 216 P2d 262, 16 ALR2d 1297, it was stated that a child under seven years could not exercise a choice to become a guest. There again, the driver did not have the status of a host, as he was the agent of the child's mother. Subsequently, in Welker v. Sorenson, 209 Ore 402, 306 P2d 737, it was held that a child aged 29 months had the guest status of its mother. The court noted that Kudrna could have been decided upon the question of the driver's agency.

Michigan has held that an infant of five is not subject to the guest statute, using the standard that such infant cannot be guilty of contributory negligence, an intentional tort, or a crime. Burhans v. Witbeck, 375 Mich 253, 134 NW2d 225. The facts do not clearly show a host-guest relationship.

There are a substantial number of States which reject the concept that an infant is totally incapable of becoming a guest for purposes of the statute. Such authorities hold that the statute is operative where there is parental consent. Lynott v. Sells, 52 Del 385, 158 A2d 583 (a 5-year-old was given permission to accompany the defendant).

In Horst v. Holtzen, 249 Ia 958, 90 NW2d 41, a thirteen-day-old infant was held to acquire the guest status of its mother. That court noted that the authorities holding that an infant was incapable of assenting to becoming a guest operated within a narrow field, so that properly classified such cases are in two categories: (1) the child was incapable of accepting an invitation and was not in charge of a natural guardian who accepted for him, or

476

(2) the statute itself defined the guest as one who accepts the invitation.

The Nebraska Court, in Snelling v. Pieper, 178 Neb 818, 135 NW2d 707, states that the weight of authority seems to be that a minor who, with the consent of the parents is transported gratuitously, is a guest within the meaning of the statute. In Favatella v. Poulsen, 17 Utah2d 24, 403 P2d 918, the guest statute was applied to a seven-year-old transported with the consent of the parents. We have, heretofore, noted the modification of the original California and Oregon rules through Buckner v. Vetterick, supra, and Welker v. Sorenson, supra, respectively.

Several States have adopted the rule that the guest statutes apply where the parent has placed the infant in the unrestricted custody of another. In Balian v. Ogassin, 277 Mass 525, 179 NE 232, a four-and-one-half-year-old boy was visiting his grandmother. The grandmother's then husband saw the boy playing in the street and invited him to ride with him. The guest statute was applied. The court noted that the transportation was not clearly against the interest of the child so the custodian could not consent as a matter of law, and it was not to be implied that she did not consent. In Morgan v. Anderson, 149 Kan 814, 89 P2d 866, a child placed in the "unrestricted custody" of defendant was taken on an automobile trip without the knowledge of the mother. The Kansas guest statute controlled. The same conclusion was reached in In re Estate of Wright, 170 Kan 600, 228 P2d 911.

In Whitfield v. Bruegel, 134 Ind App 636, 190 NE2d 670, the court determined that the statute became operative upon implied consent of the parent. There the court noted that the child visited with the defendant many times, with no regular schedule of visits, and that such visits were permitted with or without knowledge by the

parent; that the parents knew that during such visits the child might be taken on motor trips with or without express permission. That court determined that the issue could be decided as a matter of the parents' consent, and found such consent where there was unrestricted custody.

We find nothing in the Illinois cases which requires a conclusion that, as a matter of law, an infant under the age of seven cannot be a guest for purposes of the statute. In the complexities of the age of the automobile which are inextricably intermingled with family and the interrelationship of different families, the fact of concrete, particular parental consent for a specific venture is no more a valid criterion upon the relationship at issue than the implied consent founded upon a "general custody," or a course and practice of parental consent extended over a period of time for joining in motor trips with known hosts.

Defendant has urged Kemp v. Parmley, 16 Ohio St2d 3, 241 NE2d 169, as authority, under a comparable statute, for holding that the word "guest" does not require anything more than the "giving of hospitality." In that case an eight-year-old girl was given a ride to school by a stranger and was injured enroute. The complaint alleged absence of parental authority or consent. Judgment for the defendant upon general demurrer was affirmed. The court said that "Assent . . . is not ordinarily necessary" and that consequently a child of tender years may be a guest within the statute. We note that the age of the child in such case creates a different issue than is presented here. If the language in that opinion is limited to absence of parental consent under the facts pleaded, it is not necessarily inconsistent with the authorities herein discussed. We are not prepared to agree however if the language of that court eliminates the element of "acceptance" of hospitality, directly or through parental consent in the case of infants.

The evidence upon the existence of parental consent is contradictory. The only witnesses testifying were the defendant, Mrs. Raskin, and the plaintiff's mother, Mrs. Rosenbaum. The evidence discloses that plaintiff was a frequent visitor in the home of the defendants, and that there had been other motor trips by the plaintiff with the defendants. Mrs. Rosenbaum, at one time, stated that there was telephonic consent, and at another time, that there was not. Mrs. Raskin gave similar testimony and ultimately each stated that she could not remember whether there was telephonic consent. Mrs. Rosenbaum stated that she knew of the prospective plans of the Raskins before the child went to visit them, and that she, herself, had called defendants to see whether the plaintiff could come over and play. In summary, the evidence is that on other occasions the plaintiff travelled with the defendants, in some instances with specific consent, and in some instances without it.

 The relationship which brings the Illinois Statute into operation begins when the guest attempts to enter the automobile and ends when the person has safely alighted at the end of the trip. Tallios v. Tallios, 350 Ill App 299, 112 NE2d 723. Where a plaintiff riding in the automobile of another asserts that he is not a guest within the meaning of the statute, he has the burden of establishing another status. Leonard v. Stone, 381 Ill 343, 45 NE2d 620; Miller v. Miller, 395 Ill 273, 69 NE2d 878; Fischer v. Ross, 79 Ill App2d 372, 223 NE2d 722. Where an issue is raised as to the status as "guest" or "passenger," there is a question for a jury. Leonard v. Stone, 381 Ill 343, 45 NE2d 620; Weinrob v. Heintz, 346 Ill App 30, 104 NE2d 534. In Lasley v. Crawford, 228 Ill App 590, decided prior to the guest statute, it was held that status as a guest, or as a member of a joint venture, was a jury issue.

 The effect of the trial court's ruling upon the several instructions was to hold, that as a matter of

law, there was no host-guest relationship, inasmuch as he found no express consent of the parents to the trip, and concluded that implied consent through former arrangements or general custody had no significance. The contradictions within the testimony upon the issue of specific consent or the question whether a parental consent was to be implied from arrangements made at other times and places, are properly issues of fact to be decided by a jury in determining whether or not plaintiff was, in fact, a guest.

 Plaintiff urges that the trip was "for the benefit of the defendants" as the plaintiff was placed in the car for the companionship of defendants' children. The guest relationship cannot depend upon a single isolated fact. Connett v. Winget, 374 Ill 531, 30 NE2d 1. A jury could consider that such motor trip was a continuation of the relationship established when plaintiff, through her mother, asked to come to the home of the defendants to play with the children.

Plaintiff's argument that the guest statute should not be considered because the journey had not commenced is not consistent with her pleadings upon which the case was submitted.

For the foregoing reasons the case is reversed and remanded for a new trial.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.