(Nos. 41978, 41985 cons.—

HOLLY ANN ROSENBAUM, Appellant and Appellee, *vs.* MARVIN RASKIN *et al.,* Appellees and Appellants.

(No. 42347.—

ALFRED B. RAGON, Admr., Appellant, *vs.* ROSS E. RAGON, *et al.,* Appellees.

*Opinion filed March 24, 1970.*

26

JOHN J. SULLIVAN and JOHN P. McAULIFFE, both of Chicago, (WILLIAM J. HARTE, of counsel,) for appellant and appellee.

WILLIAM D. MADDUX and JOHN M. O'CONNOR, JR., of KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, for appellees and appellants.

JOSEPH T. McGUIRE and PERZ AND McGUIRE, both of Chicago, for appellant.

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (ROLAND N. LITTERST and RICHARD N. MOLCHAN, of counsel,) for appellees.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In this instance, we are called upon to determine whether section 9—201 of the Illinois Vehicle Law (Ill. Rev. Stat. 1967, ch. 95½, par. 9—201), commonly referred to as the "guest statute", is to be construed as applying to infant children under seven years of age.

In Nos. 41978, 41985 (consolidated), plaintiff, Holly Ann Rosenbaum, by her mother and next friend, brought suit in the circuit court of Cook County against Marvin and Donna Raskin, alleging that on or about December 26, 1959, defendants owned and operated a certain automobile which was parked on the driveway of their home; that on that date, plaintiff, a minor four years of age, was seated in the front seat of that automobile at the invitation of the defendants; and that as a proximate result of the negligent manner in which Donna Raskin opened the rear door of the vehicle, plaintiff's finger was crushed, necessitating its amputation. The cause was tried on the theory that the guest statute was not applicable and that recovery could be had on the basis of ordinary negligence. The jury returned a verdict awarding plaintiff $8699.

On appeal, the Appellate Court, First District, in reversing and remanding, (103 Ill. App. 2d 469) held that pursuant to our guest statute, a child under seven years of age could be a guest depending upon the presence of actual or implied parental consent to that status. Both plaintiff and defendants petitioned this court and we granted leave to appeal.

In No. 42347, plaintiff, Alfred Ragon, as administrator of the estate of Charles Ragon, deceased, filed suit in the circuit court of Fulton County against Ross Ragon and

Melvin Brock. In count I of his complaint, plaintiff charged that Ross Ragon was, on July 10, 1966, the owner and operator of a certain motor vehicle in which plaintiff's decedent, a minor child three years of age, was an occupant; and that as a proximate result of certain enumerated acts of negligence on the part of defendant Ragon a collision occurred with a motor vehicle driven by defendant Brock causing severe injuries to plaintiff's decedent from which injuries he later died. Count II was phrased in terms of defendant Brock's negligence. Defendant Ragon then filed a motion to dismiss, contending that the guest statute barred recovery for the acts complained of. On December 5, 1968, the court entered an order dismissing count I. Plaintiff then filed a motion to vacate and also an answer to defendant's motion to dismiss, attacking the constitutionality of the guest statute insofar as it was construed applicable to a minor child under seven years of age. Count 1 was again dismissed and plaintiff appealed directly to this court contending that the guest statute, if applicable to minor children of tender years, was unconstitutional in that it deprived plaintiff of due process of law, equal protection of the laws, granted a privilege and immunity to negligent drivers and denied plaintiff a certain remedy in the law.

The issues being basically identical, the causes are consolidated for opinion.

Our guest statute provides in part: "No person riding in or upon a motor vehicle or motorcycle as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver of such motor vehicle or motorcycle, nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or motorcycle, or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle

or motorcycle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought." Ill. Rev. Stat. 1967, ch. 95½, par. 9—201.

Whether minor children under seven years of age are guests within the contemplation of the Illinois guest statute is a question of first impression in this State. The appellate court in *Rosenbaum* v. *Raskin,* (103 Ill. App. 2d 469) adequately reviewed and analyzed the holdings of other jurisdictions regarding this issue and any further analysis on our part would only serve to lengthen this opinion. Generally, however, the jurisdictions which have considered this issue have reached divergent results; some finding that a child of tender years, riding at the invitation of the host, is a guest within the meaning of a guest statute. some holding that a child of tender years may be a guest dependent upon the presence of parental consent; while others have held that a child of tender years is not, as a matter of law, encompassed by the statute. 8 Am. Jur. 2d, Automobiles, § 483, p. 52.

The rationale behind our guest statute was expressed in *Clarke* v. *Storchak,* 384 Ill. 564, 579, where it was stated: "That there should be a difference between the liability of a person who, out of the generosity of his heart, renders gratuitously some service to his fellow traveler over those rendering such service for hire and barter, can hardly be questioned. Those who are charitably inclined should not be restrained by fear of the consequences of their own charitable act and the recipients should not be permitted to gain by the generosity of their host. Undoubtedly the legislature, in adopting this act, was aware of the frequency of litigation in which passengers, carried gratuitously in automobiles, have sought the recovery of large sums for injuries alleged to have been due to negligent operation, and where, in the use of the automobile, which is almost universal, generous drivers might find themselves involved in litigation that often turned upon questions of ordinary

negligence. It was evidently the intention of the legislature not only to correct this abuse but to promote the best interests of the people in their relation to each other." To that end, this court has so applied the Illinois guest statute (see *Connett* v. *Winget*, 374 Ill. 531; *Miller* v. *Miller*, 395 Ill. 273), ever mindful, however, that, being in derogation of the common law, it is to be strictly construed. *Summers* v. *Summers*, 40 Ill.2d 338, 342.

The question who is a guest within the contemplation of our guest statute is largely one for determination in the individual case. (*Miller* v. *Miller*, 395 Ill. 273, 282.) The term guest, as used in the statute, contemplates some sort of extension of hospitality and an acceptance thereof as a requisite of that status. Accordingly, the question then arises whether a child of tender years has the necessary mental capacity to accept that status. Concomitant with this is the question of whether a child of tender years has sufficient mental capacity or ability to avoid that status by making payment for the transportation. "An important, if not decisive, test, under the statute, is payment." *Miller* v. *Miller*, 395 Ill. at 287.

In *McDonald* v. *City of Spring Valley*, 285 Ill. 52, this court held that statutes, general in their terms (as is the guest statute), are frequently construed to contain exceptions when considered in connection with well known rules of law. (285 Ill. at 54.) There the court was concerned with whether the six-month notice requirement of the Injuries Act of 1905 (Hurd's Stat. 1917 p. 1663) applied to minor children seven years of age or under. In holding the statute inapplicable to infant children the court stated: "From time immemorial the status of a minor of tender years has been recognized in law to be different from that of one of more mature years. The law recognizes that up to the age of seven years a child is incapable of such conduct as will constitute contributory negligence, and our courts have uniformly so stated the law in their instructions to

juries. [Citations.] At common law an infant within seven years of age could not be convicted on a criminal charge, as he was conclusively presumed not to be capable of committing a crime, and between the ages of seven and fourteen he was still presumed to be incapable, but between those ages this presumption might be overcome by proof. These rules of law are based upon the well known fact of the incapacity of children of tender years, and they are not held to the same accountability as are adults. The recognition, by the law, of the status of infants, and of their exemption up to a certain age from liability under the law, is so well known that it must be presumed that the legislature in enacting such a statute as the one under consideration, did not intend by the general language used to include within its provisions a class of persons which the law has universally recognized to be utterly devoid of responsibility." 285 Ill. at 54, 55.

We find this reasoning to be particularly apt to the cases before us. A child of tender years simply cannot appreciate the significance of a host-guest relationship or, for that matter, the legal requirement of payment so as to obtain a more favorable "passenger" status. We cannot perceive how an infant child can possibly acquiesce in the status of guest. Likewise, we cannot perceive how a child under seven years of age could exercise the requisite judgment to terminate the host-guest relationship, as may an adult, by at any time protesting the driver's negligent conduct and demanding to be let out of the vehicle. 8 Am. Jur. 2d, Automobiles, § 477, p. 43.

It is argued that the consent of a parent or guardian, either express or implied, should be sufficient to permit a child of tender years to attain the status of guest, however, as Professor Prosser has noted in his text, such rationale is merely a fiction which does not take account of the realities of the situation. (See W. Prosser, The Law of Torts, 3rd ed. 1965, 394.) Further, any such holding would, in a man-

ner of speaking, be similar to attributing the negligence of the parent to the child, an attribution this court has never accepted. (See *Palmer* v. *Miller,* 380 Ill. 256; *Smithers* v. *Henriquez,* 368 Ill. 588.) We therefore hold that it would be unreasonable to assume that the legislature intended the statute to apply to a child of the tender age of seven years or under. Accordingly, we find it unnecessary to consider the contentions in No. 42347 that the statute is unconstitutional in its application to children of tender years.

We now turn to the claim of defendants in Nos. 41978, 41985, that even if Holly Ann was not a guest, no negligence was proved. The evidence shows that the Raskins owned a 1957 four-door Plymouth sedan. On the morning of December 26, 1959, Holly Ann walked to the home of defendants, some one-half block from her home, to play with their daughters aged four and five. At about 1 :00 P.M., the defendants were preparing to depart on some Christmas errands and defendant Donna Raskin told the children to get into the defendants' automobile. Plaintiff and the four-year-old Raskin girl preceded the adults and entered the front seat of the car, plaintiff being nearest the right front door. When Mrs. Raskin came to the car she asked the girls to get into the back seat. Holly Ann then started to back out of the front seat and, as she stood with one foot on the ground, her left hand was on the center post between the front and rear doors. Donna Raskin was standing adjacent to the rear door. As she reached toward the rear door handle, she noticed Holly backing out with her left hand on the center post. As Holly continued backing out, her hand slid down the center post. Mrs. Raskin then opened the rear door and, as she did, plaintiff's finger became wedged between the center post and the opened rear door.

It is essentially defendants' contention that it was the faulty design of the car which caused plaintiff's injuries; that ordinarily, the opening of a door pushes a finger away while here it caught the finger. Whether or not defendant

is correct regarding the design defect is not properly in issue. There is absolutely no evidence in this record to indicate that the design of this particular automobile was defective. On the basis of the evidence before the jury it was within their province to return a finding of negligence. Defendants had owned the car in question for approximately two years. On several occasions Mrs. Raskin had reason to open the rear door of her car to allow her children to enter and therefore was, or should have been, familiar with its operation. Further, by her own admission, she was aware that Holly Ann's hand was positioned on the center post immediately before defendant opened the rear door. It was therefore foreseeable that Holly Ann's hand could slide down that center post as she climbed from the front seat and be within dangerous proximity to the opening door. Accordingly, we cannot say that the jury verdict was against the manifest weight of the evidence.

Therefore, in Nos. 41978, 41985, the appellate court is reversed and the circuit court of Cook County is affirmed. In No. 42347, the judgment of the circuit court of Fulton County, in striking count I of the complaint, is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Nos. 41978, 41985. *Appellate Court reversed; circuit court affirmed.*

No. 42347. *Reversed and remanded.*