Jack R. Cox, Administrator of the Estate of Roxanne Cox, Plaintiff-Appellant, v. Richard I. Nicholes, Administrator of the Estate of Joan Cox, Deceased, Defendant-Appellee.

**Gen. No. 11,171.**

Fourth District.

May 4, 1970.

John T. Allen, of Danville, for appellant.

Hutton, Hegeler, Buchanan & Laury, of Danville (Jackson R. Hutton, of counsel), for appellee.

TRAPP, J.

Plaintiff, as administrator of the estate of a child aged six years, brought action against the estate of the mother of the child. The deaths resulted when the automobile driven by the mother was struck by a train.

Prior to trial the court ordered that a count alleging ordinary negligence be stricken and dismissed. At the trial the court directed a verdict for the defendant upon a count alleging willful and wanton negligence of the mother.

Upon this appeal, the issue is whether the court erred in such disposition of the count for ordinary negligence. Defendant's motion did not specifically plead the "Guest" statute, chapter 95½, § 9–201, Ill Rev Stats 1965, but did allege that plaintiff could not recover without proof of willful and wanton negligence. The cause is argued here upon the basis of the application of the statute.

The issue at hand was determined by the opinion of the Supreme Court in Rosenbaum v. Raskin, 45 Ill2d 25, 257 NE2d 100. The Court said:

> "We therefore hold that it would be unreasonable to assume that the legislature intended the statute to apply to a child of the tender age of seven years or under."

The order of the trial court which struck and dismissed the count for ordinary negligence is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CRAVEN, P. J. and SMITH, J., concur.