WILLIAM A. DAVIDSON, Plaintiff-Appellant, *v.* JOHN H. PUGH, Defendant-Appellee.

(No. 70-273;

Second District—October 8, 1971.

David A. Decker, and Hartnet & Pease, of Waukegan, for appellant.

Joslyn & Green, of Woodstock, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment notwithstanding the verdict entered in favor of the defendant.

Plaintiff and defendant had gone on hunting and fishing trips for several years prior to 1967. In the fall of 1965 the defendant purchased a Sports Van vehicle which contained cooking facilities, a bunk and space to store hunting and fishing equipment. Shortly after the purchase, defendant drove to the plaintiff's house to show him the vehicle. At that time, plaintiff stated that if the defendant was ever planning to go on a hunting trip, he would "like to participate", "would supply the food" and would "pay for the gas."

Subsequently, plaintiff and defendant went on several hunting trips in the Van. The plaintiff testified that on all these trips he paid for gas, brought food for everyone and also brought liquor for the defendant's consumption. The defendant, however, testified that he and plaintiff shared the expenses of food and gasoline at the end of each trip.

On November 22, 1967, at 4:30 A.M., plaintiff, his son and defendant left for a hunting trip. Plaintiff testified that he had brought along food

sufficient to feed all three of the parties. The gas tank being full, he had not contributed toward the gas. The defendant testified that he did not expect plaintiff to pay any share for gas on the trip.

The defendant proceeded westerly on Route 176. At the intersection with Route 31, Route 176 angles approximately thirty degrees to the right. The weather was clear, the road dry but at about 5:00 A.M. it was still dark when the defendant entered the intersection, failed to make the turn and ran his vehicle off the highway. Defendant admitted that there was no physical fact or reason why he did not see the turn. He testified that he was familiar with the intersection, having driven through it an average of fifteen times in each of the last seventeen years, but further stated he had never driven through the intersection at night.

The plaintiff filed a two count complaint for injuries received. Count I alleged that plaintiff was a "passenger" in the vehicle and that defendant was guilty of ordinary negligence; Count II alleged that plaintiff was a "guest" and that defendant was guilty of wilful and wanton misconduct.

At the close of all the evidence, plaintiff moved for a directed verdict. The trial judge granted this motion and directed a verdict as to liability, finding that, as a matter of law, plaintiff was a passenger and defendant was guilty of ordinary negligence. The plaintiff, upon having liability directed in his favor, withdrew Count II. The case was then submitted to the jury solely on the question of damages. The jury returned a verdict for $46,000.

In his post-trial motion, defendant moved for a judgment *n.o.v.* or, in the alternative, a new trial. The trial judge granted this motion and entered judgment *n.o.v.* for the defendant reversing the earlier decision and held that the plaintiff was a guest as a matter of law. Plaintiff appeals from that decision.

■■ Assuming that the trial judge was correct in finding that the plaintiff was a guest as a matter of law, the question before this Court is, did this fact, of itself, justify a judgment *n.o.v.* for the defendant? When the trial judge reversed his findings and held that the plaintiff was a guest as a matter of law, only the allegations of Count I should have been removed from the case. Still to be resolved was the issue of liability under Count II. In his memorandum opinion the trial judge held that, as a matter of law, the plaintiff was a guest; he did not hold that as a matter of law the defendant was free from wilful and wanton misconduct. It is true, subject to the *Pedrick* rule (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510, that the trial judge cannot remove the entire case from the jury if there is evidence which would tend to prove anyone count. *Vail v. Graham* (1930), 259 Ill.App. 172, 176.

The defendant does not appear to disagree with the foregoing. However, it is his position that Count II had been "voluntarily" withdrawn by the plaintiff at the time the judge directed a verdict for the plaintiff and argues that, consequently, at the time defendant presented his post-trial motion, only Count I was before the court. In order to rule on this point it is necessary to refer to the dialogue which occurred at the time the plaintiff received his directed verdict.

"THE COURT: Pardon me. Suppose I make up my mind to send this case to the jury on Count One, what becomes of Count Two? You can't send them both to the jury. I will not permit that they both go to the jury. They are entirely different; they are inconsistent. It is one or the other.

\* \* \* \* \*

THE COURT: \* \* \* I am boiling it down to Count One.

Mr. DECKER: (Plaintiff's attorney): If he is a passenger and it is a negligence case, then the plaintiff is entitled to a directed verdict because I can't see any other way. I believe as a matter of law going off the road like that is negligence.

THE COURT: All right, I am going to rule with you on this, Mr. Decker.

\* \* \* \* \*

THE COURT: I think I should hold as a matter of law on this and get it narrowed down.

Mr. DECKER: If the Court believes he is a passenger, I don't think there is any issue remaining of any substance other than the question of damages.

THE COURT: That is my attitude; that is my feeling.

\* \* \*

Mr. GREEN: (Defendant's attorney). As I understand it, you are directing a verdict on Count One and holding that as a matter of law the plaintiff is a passenger for consideration?

THE COURT: That is right.

Mr. GREEN: And it is going to the jury simply on the question of damages?

THE COURT: Damages.

Mr. GREEN: What happens to Count Two then?

Mr. DECKER: I will withdraw Count Two.

Mr. GREEN: I will object to the withdrawal of Count Two.

THE COURT: I will order it stricken.

Mr. DECKER: If he is a passenger you can't send it to them on wilful and wanton.

THE COURT: I will order it stricken.

Mr. Decker: It is withdrawn.

The Court: I will let him withdraw it; I will let him withdraw it over objection."

■■ It is apparent from this colloquy that the plaintiff withdrew Count II because it was moot and inconsistent with the judge's ruling of liability on Count I and because of the judge's insistence that it could not remain in this case. The withdrawal was totally contingent upon the finding of liability under Count I. Upon the judge's reversal of his finding of liability under Count I, the plaintiff should not have had a judgment entered against him, but instead, was entitled to have his claim litigated under Count II. Since the plaintiff was not given his day in court under Count II, we must reverse the judgment *n.o.v.*, reinstate Count II and remand the case for a new trial.

■■ The defendant argues that it is futile to grant the plaintiff a new trial on Count II since the record is void of any evidence which would indicate that the defendant was guilty of wilful and wanton misconduct. We cannot agree. The defendant admitted that he was familiar with the road and knew that it "jogged" some thirty degrees to the right at the intersection. Despite this, he did not make the turn and ran his vehicle off the road. The defendant could not offer any excuse for not seeing the turn and could not explain why he drove off the highway. It is clear that such conduct raises an issue of wilful and wanton conduct which is within the province of the jury to decide. *Larson v. Harris* (1967), 38 Ill.2d 436, 439-440; *Klatt v. Commonwealth Edison Co.* (1965), 33 Ill.2d 481, 488-489; *Schneiderman v. Interstate Tr. Lines* (1946), 394 Ill. 569, 582-584.

Having remanded this cause, we must decide if the matter should be tried anew on both counts or solely on the issues of Count II. This decision depends upon whether the trial court was correct in ruling that the plaintiff was a guest as a matter of law.

■■ The Illinois Guest Act, Ill. Rev. Stat. 1967, ch. 95½, sec. 9-201 provides:

"No person riding in or upon a motor vehicle . . . as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver of such motor vehicle . . ., shall have a cause of action for damages against the driver or operator of such motor vehicle . . ., for injury . . . in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle . . ."

The rationale of the Act is that there should be a difference between the liability of the person who, out of the generosity of his heart, renders gratuitously some service to his fellow traveler as opposed to one who

renders such services for hire. However, since the Act is in derogation of the common law, it must be strictly construed. *Rosenbaum v. Raskin* (1970), 45 Ill.2d 25, 30; *Summers v. Summers* (1968), 40 Ill.2d 338, 342.

■■■ The Illinois Supreme Court has defined a guest as a rider who is invited to enjoy the hospitality of the driver of the vehicle and who accepts the hospitality without making any return or conferring any benefit upon the driver, other than the pleasure of his company but, "An important, if not decisive, test, under the statute, is payment." *Miller v. Miller* (1946), 395 Ill. 273, 287; *Rosenbaum v. Raskin, supra,* 30. Generally, if the rider has paid money for the ride the courts have held him to be a passenger. *Robbins v. Campbell* (1966), 72 Ill.App.2d 252; *McNanna v. Gach* (1964), 51 Ill.App.2d 276; *Dirksmeyer v. Barnes* (1954), 2 Ill.App.2d 496; contra, *Marks v. Newburger* (1966), 69 Ill. App.2d 220.

■■■ In determining whether one is a passenger or guest, the Illinois courts focus upon the individual case, *Rosenbaum v. Raskin, supra* 30, and the rule is:

". . . (I)f the transportation confers only a benefit incident to hospitality, companionship or the like, a motor vehicle passenger is a 'guest' within the meaning of the Guest Statute; but if the transportation is primarily for some objective or purpose of the operator, the passenger is not a 'guest' within the meaning of the Statute." *Enlow v. Illinois Cent. R. Co.,* 103 Ill.App.2d 269, 276 (1968).

■■ Benefit can be bestowed upon a driver by other than payment of currency. In *Connett v. Winget* (1940), 374 Ill. 531, a real estate broker drove a rider to look at some property which the broker was attempting to sell or exchange. In *Gass v. Carducci* (1962), 37 Ill.App.2d 181, a mother accompanied her daughter to the doctor's office in order to better relate the granddaughter's medical symptoms. In *Justice v. Justice* (1969), 114 Ill.App.2d 254, a rider was helping the driver unload some logs on the driver's vehicle.

■■ Applying the rationale indicated by the Illinois cases, we must then use the *Pedrick* test in determining the status of the plaintiff. The evidence, viewed in its aspect most favorable to the plaintiff, indicates that before the parties ever went on a trip in defendant's van, the plaintiff offered to pay for all food and gas if the defendant invited him along on any hunting trips; that the parties then went on numerous hunting trips wherein the plaintiff supplied all the food, liquor and gas; that on the day of the accident the parties embarked on a trip which was similar to ones taken previously; that on that day the plaintiff brought enough food to feed the defendant. The trial judge originally found that the

evidence, when viewed in its aspect most favorable to the defendant, so overwhelmingly favored the plaintiff that he held as a matter of law that the plaintiff was a passenger. We are of the opinion that *Pedrick* was not satisfied and that it was error to rule that the plaintiff was a "guest" as a matter of law.

We hold that in this case it is for the jury to decide whether there was expected benefit to the defendant pursuant to an implied agreement or if there was hospitality extended to the plaintiff to which he responded with gratuitous gifts of food, liquor and gasoline. See *Freer v. Rowden* (1969), 108 Ill.App.2d 335, 339. Therefore, a new trial will be ordered on both Count I and Count II.

Reversed and remanded for a new trial.

GUILD and SEIDENFELD, JJ., concur.