RODDRI LaRISE TURNER et al., Plaintiffs-Appellants, v. JESSICA M. TURNER et al., Defendants-Appellees.

Fifth District   No. 75-474

Opinion filed July 8, 1976.

Earle McCaskill, of East St. Louis, for appellants.

Thomas Benedick, of O'Fallon, for appellees.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:
Plaintiffs Roddri LaRise Turner and Addri LaGregri Turner, by Gregory Turner, their natural father and next friend, appeal from an order entered in the Circuit Court of St. Clair County dismissing their personal injury complaint against defendant Jessica M. Turner. The trial court entered an order pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304) stating that no just reason existed for delaying an appeal; this appeal followed.

The action was brought against defendant-appellee, who is plaintiffs' mother, together with other defendants not involved in this appeal, for injuries allegedly suffered in an automobile collision on January 22, 1970. The complaint alleged that plaintiffs were passengers in an automobile being driven by defendant-appellee Jessica M. Turner, that they were at all relevant times in the exercise of due care and caution for their own safety, and that, notwithstanding defendant's duty to use reasonable care in the operation of her automobile so as not to cause injuries to others, she committed one or more specified acts of negligence or negligent omissions which directly and proximately resulted in injuries to plaintiffs. The complaint, filed January 27, 1972, did not allege any act of willful and wanton misconduct on the part of defendant-appellee.

Although the record is not entirely clear, it would appear that

defendant first filed an answer, subsequently withdrawn by leave of court, then filed a motion to dismiss. On November 30, 1973, the trial court entered the order from which this appeal is taken, finding that plaintiffs "were within the definition of guest as established by the case law and the facts at hand," and that the automobile guest statute in effect at that time (Ill. Rev. Stat. 1967, ch. 95½, par. 9—201), which provided that a guest riding in a motor vehicle could recover only for damages sustained as a result of willful and wanton misconduct of the driver, required that the complaint be dismissed.

■■ The only question raised by this appeal is whether the trial court erred in determining as a matter of law that plaintiffs were "guests." Our Supreme Court has emphasized that the guest statute, being in derogation of the common law, is to be strictly construed. (*Rosenbaum v. Raskin*, 45 Ill. 2d 25, 30, 257 N.E.2d 100, 102 (1970); *Summers v. Summers*, 40 Ill. 2d 338, 342, 239 N.E.2d 795, 798 (1968).) The determination of who is a guest is dependent on the facts of each case. (*Miller v. Miller*, 395 Ill. 273, 282, 69 N.E.2d 878, 882 (1946); *Svrcek v. Kudlata*, 23 Ill. App. 3d 978, 983, 320 N.E.2d 377, 381 (1st Dist. 1974); *Perrine v. Charles T. Bisch & Son*, 346 Ill. App. 321, 105 N.E.2d 543, 548 (3d Dist. 1952).) A plaintiff has the burden of proving that he was a passenger and not a guest (*Miller v. Miller; Leonard v. Stone*, 381 Ill. 343, 346, 45 N.E.2d 620, 622 (1942)), but where an issue is raised as to his status, there arises a question of fact for a jury. (*Rosenbaum v. Raskin*, 103 Ill. App. 2d 469, 479, 243 N.E.2d 616, 621 (1st Dist. 1968), *rev'd on other grounds*, 45 Ill. 2d 25, 257 N.E.2d 100 (1970); *cf. Leonard v. Stone; Weinrob v. Heintz*, 346 Ill. App. 30, 104 N.E.2d 534 (1st Dist. 1952); *Lesley v. Crawford*, 228 Ill. App. 590 (1st Dist. 1923).) Only where there is no dispute in the evidence does the plaintiff's status become a question of law. (See *Kinney v. Kraml Dairy, Inc.*, 20 Ill. App. 2d 531, 537, 156 N.E.2d 623, 626 (1st Dist. 1959); *cf. McNanna v. Gach*, 51 Ill. App. 2d 276, 201 N.E.2d 191 (1st Dist. 1964).) Nor does the relationship depend, as a matter of law, upon one isolated fact, such as monetary compensation paid. (*Connett v. Winget*, 374 Ill. 531, 533, 30 N.E.2d 1, 2 (1940); *cf. Sinclair v. Thomas*, 90 Ill. App. 2d 114, 119-20, 234 N.E.2d 368, 371 (1st Dist. 1967).) The jury has a right to take into account all the facts and circumstances involved. *Dirksmeyer v. Barnes*, 2 Ill. App. 2d 496, 503-4, 119 N.E.2d 813, 816 (3d Dist. 1954).

■■ Plaintiffs contend on appeal that, had they been permitted to present evidence, they could have established that they were not guests within the contemplation of the guest statute. Without expressing any opinion on the merits of the controversy, we think that the trial court erred in depriving plaintiffs of the opportunity to prove the allegations of their complaint.

The order of the St. Clair County Circuit Court granting defendant's motion to dismiss is therefore reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

JONES and G. J. MORAN, JJ., concur.